### THROPP and others vs. FIELD.

1. Where a landlord, by his acquiescence in his tenant's dilatoriness in the payment of rent, has induced the tenant to believe that strict observance of his covenant to pay the rent at the times specified' in the lease, will not be required of him, equity will not permit the landlord to enforce a forfeiture, where, under the circumstances, it would be inequitable, and full compensation can be made to the landlord for the tenant's default.

2. Where a lessor is bound by his lease to furnish, at his expense, the necessary power, as furnished at the execution of the lease, for the lessee's machinery in the demised premises, and a blast was necessary to his forges, and was actually supplied when the lease was made, and for several years previously, from machinery on the lessor's premises, so essential an incident will be considered as passing by the lease, and not to have been held by the lessee, under a mere license, revocable at the will of the lessor.

On motion to dissolve or modify injunction.   On bill and answer, and affidavits.

*Mr. J. S. Aitkin* and *Mr. E. T. Green*, for the motion.

*Mr. Alfred Reed*, contra.

THE CHANCELLOR.

The bill was filed to restrain the defendant from depriving the complainants of the power requisite to run their machinery in buildings demised by him to them, and from depriving them of the blast from the fan on his premises, to the forges in the blacksmith's shop, one of the demised buildings. The premises were demised by the defendant to the complainants, by a lease dated July 1st, 1871, for five years, with the privilege of renewal for five years longer. By the lease, the defendant agreed to furnish, at his expense, the necessary power as then furnished for the machinery in the buildings thereby demised. The complainants had occupied the premises from 1866, under another lease from the

defendant. In the winter of 1870–1871, the latter, desiring to use, for the purposes of his own business, all of the black-smith's shop then on the premises (he and the complainants, before that time, had each occupied part of it), built another for the accommodation of the complainants, as his tenants, which was demised to them by the lease of July, 1871. Under this latter lease, the rent reserved was a sum equal to fifteen per cent. of the net profits realized, or to be realized, from the business the complainants should carry on in the demised premises during the term. Payment was to be made monthly, at the end of each month, or within ten days thereafter, with provision that if default should be at any time made in the payment of the rent, when due and payable, the defendant or his representatives might, on ten days' notice to the complainants, re-enter and re-possess the premises. The defendant, on the 13th of July, 1871, claiming that the rent was (as it was, in fact,) in arrear, for the months of May and June of that year, notified the complainants to quit the demised premises. They not having done so, he took off the belt that furnished the power to their machinery, and stopped the blast. On filing the bill, an injunction was granted. The defendant now moves to dissolve it, on the ground that he was not bound (as the complainants, by their bill, insist that he was) by law to make a demand of the rent due him under the lease before re-entering for the future. He also insists that, under the lease, he was not bound to furnish the blast, and therefore, if the motion to dissolve be denied, the injunction should be so modified as to permit him to discontinue the blast.

The complainants appear not to have observed strictly the provision of the lease as to payment of the rent, and the defendant, by the admissions of his answer, seems to have acquiesced. The bill alleges that the rent has, from the commencement of the term, been paid at irregular intervals, sometimes once a month and sometimes once in two months; that the defendants never strictly enforced the covenant for payment of the rent according to the terms of the lease, and

that the last payment was made some time in May last, and was in full to the first of that month. It further states that since that payment, the defendant has never either demanded or requested payment of the rent.

The defendant, by his answer, admits that sometimes the payment went over to the following month, or was paid by promissory note, but alleges that he remonstrated, at different times, to the complainants against such delay, and claimed that they had forfeited their lease. He further admits that within ten days after the notice was given, McKenzie, one of the complainants, met him on the premises and asked him if he was afraid of losing his rent; to which he replied, no; that he was not afraid of his rent, but he had been waiting ever since they had started a foundry, or another business, so that he could "get shut" of them. McKenzie swears, in his affidavit annexed to the bill, that the defendant said he was not afraid of losing his rent, but that he had been waiting to catch the complainants ever since they built a foundry. If the defendant, by his acquiescence, induced the complainants to believe that strict observance of their covenant to pay the rent, was not required by him, it is inequitable in him, under the circumstances, to seek to enforce the forfeiture. Besides, full compensation can be made to the defendant for the failure of which he complains, and under such circumstances equity will relieve. *Story's Eq. Jur.*, §§ 1314, 1315; *Taylor's Land. and Ten.*, § 495; *Atkins* v. *Chilson*, 11 *Metc.* 112. In that case, relief was granted at law. The question, therefore, whether the defendant was or was not bound to make demand before re-entry, is unimportant. The injunction must be retained until the hearing.

Nor can the modification asked for be granted. Whether the right to the blast did or did not pass under the demise of the "necessary power for the machinery in the buildings," it is clear that the blast has been supplied from the defendant's fan to the blacksmith's shop, demised to the complainants, through a conduit, laid down by the latter, for many years past—the complainants say, since 1866. It appears that

the present blacksmith's shop was built in the winter of 1870–1871, by the defendant, with a view to letting it to the complainant by the lease mentioned in the pleadings ; that the shop was completed and in use by the complainants before the commencement of the term, under the new lease, and that the blast from the defendant's fan to the forge there, was provided and existed when the lease was made.  So important and essential an incident to the use and enjoyment of the demised premises could not have been overlooked.  The defendant was bound by the lease, to furnish, at his expense, the necessary power as then furnished for the complainants' machinery in the demised premises. The blast was necessary to the forges, and power was necessary to operate it to produce the blast.  Provision for the blast was made by a supply from the machinery on the defendant's premises, at the time of the demise.  It could not have been the understanding of the complainants that they were dependent, for this blast, on the mere will or caprice of the defendant ; that they had no right to it, but only a license, revocable at his will.  They state, in their bill, that it was part of the "power" provided for in the lease, but, however that may be, so essential an incident to the demised premises may well have been regarded by the parties as constituting part of them, and therefore as passing by the lease accordingly.