MARIE A. RICHARDSON AND MERRITT LEACH v. VINE H.
SMITH, PROSECUTOR.

Submitted July 5, 1906—Decided November 12, 1906.

1. Rule 60 of this court requires writs of *certiorari* to be returnable
   in twenty days, unless otherwise ordered. *Held*, that where a
   writ was drawn with return day postponed beyond the twenty
   days, an order endorsed upon the writ, allowing it and ordering
   it to be sealed, sanctioned the return day as mentioned in the writ.
2. Summary proceedings for dispossession, taken under the Landlord
   and Tenant act (*Gen. Stat., p.* 1919, § 16), are judicial proceed-
   ings within the rule that exempts non-resident parties and wit-
   nesses, while in attendance here upon judicial proceedings, from
   service of civil process issuing out of the courts of this state.
3. Under the "Act constituting courts for the trial of small causes"
   (*Pamph. L.* 1903, *p.* 279, § 93), where the justice of the peace
   lacks jurisdiction over the defendant because of illegality in the
   service of summons upon him, and yet proceeds to render judg-
   ment against the defendant, such judgment may be reviewed by
   *certiorari.*

On *certiorari* to the small cause court.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the prosecutor, *Vine H. Smith, pro se.*

For the respondents, *James Steen.*

The opinion of the court was delivered by

PITNEY, J. This writ of *certiorari* was tested March 31st,
1906, and the *allocatur* was endorsed thereon and signed by
a justice of this court on the same day. The return day was
the first Tuesday of May then next, being more than twenty
days from the date of the *allocatur*. A motion to dismiss
is now made on the ground that the writ is in violation of
rule 60 of this court. That rule prescribes that "all writs
of *certiorari* shall be made returnable in twenty days from
the date of the *allocatur,* unless otherwise ordered." In our
opinion, the order endorsed upon the writ, to the effect that

the writ is allowed and that it shall be sealed, is an order sanctioning the return day as mentioned in the writ. It may be added that the purpose of the rule, in prescribing a short return, is to prevent the writ from being used as a means of delay, and to forward the prompt disposition of the matter. In the present case the respondents have not been prejudiced by the extension of the return beyond the twenty days. For these reasons the motion to dismiss is denied.

The writ brings under review a judgment recovered against the prosecutor in a small cause court. Reversal is prayed on the ground that the prosecutor was a citizen and resident of the State of New York, and when served with the summons was in attendance in this state as plaintiff and witness in a proceeding for dispossession under the Landlord and Tenant act, brought by him against the present respondents, and that he was served before he had opportunity to return to New York after the conclusion of the dispossess proceedings. These facts are clearly proven. It is shown by the justice's return to the present writ, and by proofs *aliunde* (taken pursuant to rule 54) that upon the return day mentioned in the summons the prosecutor claimed his privilege on the ground mentioned; that he did not subsequently waive the objection, and that the justice who sat in the small cause court overruled the objection on the ground that summary proceedings to procure a warrant of removal in a landlord and tenant case were not judicial proceedings of such a character as entitled a party therein to be privileged from service of a summons.

It is now insisted that the remedy of the prosecutor was by appeal, and not by *certiorari*.

Section 93 of the revised "Act constituting courts for the trial of small causes" (*Pamph. L.* 1903, *p.* 279), is as follows: "Where the small cause court has jurisdiction, no judgment from which an appeal is given by this act shall be removed into the Supreme or Circuit Court by *certiorari* or otherwise for the correction of any supposed error therein; but the party thinking himself aggrieved shall have relief by appeal only, and that both as to matter of law and matter of fact."

By section 80 an appeal is given to the Court of Common Pleas from any judgment obtained in the small cause court except such as shall have been given by confession. Similar provisions were in the old act. *Gen. Stat., p.* 1882, *pl.* 96; *Gen. Stat., p.* 1891, *pl.* 138. In order to exclude the review by *certiorari,* the small cause court must have not merely jurisdiction over the subject-matter, but jurisdiction of the particular cause, including jurisdiction over the person of the defendant. *Ritter* v. *Kunkle,* 10 *Vroom* 259, 263; *Williamson* v. *Middlesex Common Pleas,* 13 *Id.* 386, 396; *Bridgeton* v. *Pierce, post; Barclay* v. *Brabston,* 20 *Vroom* 629; *Steinlein* v. *Folwell,* 24 *Id.* 176.

Clearly, the small cause court had jurisdiction of the controversy that was raised concerning its jurisdiction over the person of the prosecutor. But if it erroneously determined that controversy, and illegally upheld its jurisdiction over his person, such illegal determination could not give to it jurisdiction over the cause within the meaning of section 93 of the Small Cause Court act, so as to deprive the injured party of his review by *certiorari.* In *Barclay* v. *Brabston,* 20 *Vroom* 629, where the justice's judgment was rendered on a day when he had no jurisdiction of the cause, it was held that for such an error the defendant below had a choice of remedies, by appeal for a new trial or by *certiorari* for a mere legal review, and that having elected to appeal to the Common Pleas he must there proceed to trial on the merits, and could not question the legality of the procedure in the court below. In *Steinlein* v. *Folwell,* 24 *Vroom* 176, it was held that where the court for the trial of small causes has no jurisdiction over the subject-matter of the action, relief may be had by *certiorari* or by appeal; but that where the cause of action is within the jurisdiction of the small cause court, and there is lack of jurisdiction over the party by reason of irregular adjournments, the taking of an appeal operates as a waiver of this irregularity; that the proper mode of taking advantage of it is by *certiorari.* In *Vandevoort* v. *Fleming,* 39 *Id.* 507, where the justice of the peace at the time he gave judgment had lost jurisdiction of the cause through

an irregular adjournment, and the defendant appealed to the Common Pleas, it was held that this appeal waived the irregularity, which could only be availed of by *certiorari*, distinguishing *Parker* v. *Mercantile Safe Deposit Co.*, 34 *Id.* 505, which latter case, nevertheless, stands as unquestioned authority for the maintenance of a review by *certiorari* where the justice has lost jurisdiction by an improper adjournment.

It will be observed that in these cases the irregularity in the small cause court operated to terminate the justice's jurisdiction over the person of the defendant, not over the subject-matter of the cause. They are, therefore, clear authorities for sustaining the review by *certiorari* in the present case.

Coming to the main question, the rule that a non-resident, coming into this state to attend its courts as party or witness, is privileged from the service of process, whether of summons or of capias, is fully established by our decisions. *Halsey* v. *Stewart*, 1 *South.* 366; *Dungan* ads. *Miller*, 8 *Vroom* 182; *Mulhearn* v. *Press Publishing Co.*, 24 *Id.* 153. See, also, *Jones* v. *Knauss*, 4 *Stew. Eq.* 211; *Massey* v. *Colville*, 16 *Vroom* 119.

But it is insisted that summary proceedings for dispossession taken under the Landlord and Tenant act are not within the reason and spirit of the rule. It is true that such proceedings do not result in any judgment that is binding as between the landlord and the tenant. Their purpose is merely to secure a warrant that shall justify the constable or other executive officer in removing the tenant from possession, and putting the claimant into possession. *Gen. Stat.*, *p.* 1919, § 16. By the act the proceedings are not subject to review by appeal or *certiorari*, but the landlord remains liable in an action of trespass for any unlawful proceedings under the act. *Gen. Stat.*, *p.* 1919, § 18; *Pamph. L.* 1903, *p.* 26, § 7. In *Coe* v. *Haines*, 15 *Vroom* 134, 135, Justice Van Syckel said: "The finding of the fact that rent was due and unpaid was final as to the summary proceedings to dispossess; but the statute deprives the judgment in that suit. of the quality of conclusiveness between the parties which a judgment has in other cases. It may be set up as a shield

by the officers of the law, but not by the landlord; he enforces the removal of his tenant at the peril of a different finding in an action of trespass by the tenant." See, however, *Brick* v. *Burr, 2 Dick. Ch. Rep.* 189, 192.

But although thus qualified as to its effects, the dispossess proceeding under the Landlord and Tenant act is, we think, none the less a judicial proceeding within the reason and spirit of the rule that exempts non-resident parties and witnesses, while in attendance upon such proceedings, from service of civil process issuing out of the courts of this state. A reference to the reasoning contained in the opinions in *Halsey* v. *Stewart,* 1 *South.* 366; *Dungan* ads. *Miller,* 8 *Vroom* 182, and *Mulhearn* v. *Press Publishing Co.,* 24 *Id.* 153, renders this manifest. The proceedings prescribed by the Landlord and Tenant act are established largely for the purpose of enabling a landlord whose rent is unpaid to employ public officers to remove the defaulting tenant, without responsibility on the part of such officers if the tenant has had his day in court. The result of the proceedings is conclusive as between the officer and the tenant. To deny that such proceedings exempt a non-resident attending the same from civil process in another action would in many cases deprive citizens of other states from that free access to our judicial tribunals which it is the policy of our law to maintain.

In our opinion, therefore, the judgment under review, founded, as it was, upon a summons that was served in violation of the prosecutor's privilege, must be reversed.

The allowance of costs is within the discretion of the court. *Pamph. L.* 1903, *p.* 346, § 10. In this case it sufficiently appears that service of the summons upon the prosecutor was procured by a trick, the respondents having made default in the payment of the rent for the very purpose of compelling him to come into this state to prosecute dispossess proceedings, in order that they might have a summons served upon him. The depositions also indicate that they have resorted to a similar device on a former occasion. For this reason costs will be allowed against them.