## JOSEPH F. McGANN

*v.*

## LA BRECQUE COMPANY, INC.

[Decided June 3d, 1919.]

1. The court of chancery may enjoin a landlord from interfering with the possession of his tenant notwithstanding the landlord may have a judgment of possession in the district court in proceedings under section 107 of the act concerning district courts (*2 Comp. Stat. p. 1988*), and notwithstanding the provisions of section 113 of such act, where the remedy in an action in trespass at law is wholly inadequate.

2. The court of chancery has jurisdiction, where the remedy at law is wholly inadequate, to entertain a bill to protect possession of land, although there are no equitable rights involved other than the inadequacy of the remedy at law.

3. Where it appears the subject of dispute is a storage warehouse, that complainant cannot find another place to locate, that his good will is worth in the neighborhood of $500,000, that he is under contracts

for the storage of goods, and that goods under such contracts are in storage aggregating in value upwards of a million dollars, that if he is forced to surrender possession not only will he suffer loss or damage arising out of injury to his good will and loss occasioned by inability to secure business and carry out contracts, but because of breach of contracts with his customers, he will be exposed to rights of action by them against him, that it is impossible to calculate the loss, that before the consequential damages can be determined it will be necessary for him to wait until actions brought by customers against him shall be determined, that defendant is a foreign corporation and not able to respond in damages, that, if in an action for trespass he is entitled to recover consequential damages, such damages cannot, with any degree of certainty, be fixed, the remedy at law in such an action for trespass is wholly inadequate and equity has jurisdiction to restrain interference with the possession.

4. A tenant who invokes equitable jurisdiction to enjoin a landlord from interfering via summary proceedings with his possession, must establish his present right to possession as against the landlord. Hence it is immaterial, if in fact the tenant has no such present right, whether the defeasance clause in the lease is a condition or a limitation, however important that question might be in determining the jurisdiction of the district court.

On bill, &c.

*Mr. Milton M. Unger* and *Mr. Frank M. Bradner,* for the complainant.

*Messrs. Burnett, Sorg, Murray & Duncan* (*Mr. Burnett*), for the defendant.

LANE, V. C.

The bill alleges that the La Brecque Company is in possession of a large storage warehouse under a lease dated August 1st, 1917, for a period terminating April 30th, 1926. The lease contains the following clause:

"It is further understood and agreed between the parties hereto that a sale of the property by the party of the first part shall terminate this lease upon six months written notice to the party of the second part, and in lieu of compensation it is hereby agreed that the rent shall be waived during the six months notice to vacate."

On October 30th, 1918, the following notice was served upon complainant:

"Newark, N. J., October 30, 1918.

"To the McGann Company,
J. F. McGann, Proprietor, and
Joseph F. McGann, individually and trading as
    The McGann Company.

"You will please take notice that the premises leased by you from P. Ballantine & Sons by written lease dated the first day of August, 1917, have this day been sold to LaBrecque Company, Inc., and notice of the cancellation of your said lease is hereby given you pursuant to that clause of your lease reading as follows: It is further understood and agreed between the parties hereto that a sale of the property by the party of the first part shall terminate this lease upon six months written notice to the party of the second part, and in lieu of compensation it is hereby agreed that the rent shall be waived during the six months notice to vacate.

"P. Ballantine & Sons,
"F. T. Frelinghuysen, President.

"Attest:
    "Henry P. Lindsley,
        "Secretary La Brecque Company, Inc.,
            by Louis C. La Brecque, President.
"Attest:
    "Edmund J. La Brecque, Secretary."

The bill alleges that complainant refused to surrender possession, whereupon proceedings were instituted by defendant in the second district court of Newark under the provisions of section 107, &c., of the District Court act (*2 Comp. Stat. p. 1988*) which resulted in a judgment for possession; application was made to the chief-justice for a writ of *certiorari,* which application was denied; the chief-justice sanctioned the presentation of an application for a writ to the supreme court which opens for the June term on June 3d, but declined to grant an order to show cause or a stay; application was made to the judge of the second district court for a stay, which was denied; under the statute and practice in the district court a warrant of possession may issue at any time and that if it is permitted to be executed, complainant will be forced to vacate the premises.

Complainant alleges that the notice given him and set forth as above is not sufficient, under the clause of the lease, to terminate the tenancy and that he is still entitled to possession of the premises under the lease; he has built up a good will worth in the neighborhood of $500,000; he is under contract with many individuals and interests for the storage of goods and that

goods under such agreements are in storage aggregating in value upwards of a million dollars; he cannot find another place to locate; if he is forced to surrender possession of the premises not only will he suffer loss or damage arising out of injury to his good will and loss occasioned by inability to secure business and carry out contracts, but, because of breach of contract with his customers, he will be exposed to rights of action by them against him; it is impossible to calculate the loss; before the consequential damages can be determined it will be necessary for him to wait until actions brought by customers against him shall have been determined; defendant is a corporation of New York and is not able to respond in damages; his remedy by action in trespass as provided by section 113 of the aforesaid act (*2 Comp. Stat. p. 1990*) is wholly inadequate; if in an action for trespass he is entitled to recover consequential damages, such damages cannot, with any degree of certainty, be fixed.

Upon the filing of the bill an order to show cause with *ad interim* restraint was allowed returnable June 3d, 1919. Under permission given by the order a motion is now made by defendant to vacate it and a motion is also made to strike out the bill. I will consider the case as upon a motion to strike the bill and argument upon the return of the order to show cause. It is objected that this court has no jurisdiction; that the defendant has a judgment at law for possession and that the statute, section 113, relegates complainant, if the judgment at law be erroneous, to an action in trespass. Section 113 reads as follows:

"Proceedings had by virtue of the one hundred and seventh section of this act shall not be appealed from nor removed by *certiorari*, but the landlord shall remain liable in an action for trespass for any unlawful proceedings under this act."

The specific prohibition of the statute is against appeal or *certiorari*. *Certiorari* will, however, lie if the district court have no jurisdiction. The effect of the statute is to permit a party who has obtained a judgment for possession to secure immediate possession, but he still remains liable in an action of trespass. The legislative intent was to permit possession of property to be physically secured in such a proceeding, but not in this summary

way, to determine any right. The legal and equitable rights of the parties remain the same after the judgment for possession as before.

Without considering whether the legislature could deprive this court of any jurisdiction it might otherwise exercise, it seems to me that the legislature has not attempted to curtail the jurisdiction. The statute does not, in terms, forbid the intervention of this court. It does in terms provide that the landlord shall remain liable in an action in trespass. The landlord being liable in trespass, it seems to me that where the remedy at law in trespass is wholly inadequate, the landlord remains liable to be enjoined by this court from committing the trespass. I think the case must be determined precisely as if the proceedings in the district court and an application for the writ of *certiorari* had not taken place. The denial of the writ of *certiorari* does not add to the force of the judgment in the district court; if the writ had been allowed and argued, and dismissed upon the merits, the judgment of the district court would have had no other effect than as provided for by the act.

This then is a case in which a person alleging himself to be legally entitled to possession of real estate endeavors to prevent a person, alleging the legal right to possession, from ousting him. There is no equitable right involved and jurisdiction must be based wholly upon the inadequacy of the remedy at law. That this court has jurisdiction in all cases in which the remedy at law is inadequate, whether involving the right of possession to real estate or not, is, I think, settled. *Hart* v. *Leonard, 42 N. J. Eq. 416 (sixth subdivision); Public Service Corporation v. Westfield, 82 N. J. Eq. 43, 47; affirmed, 82 N. J. Eq. 662; Kiernan v. Jersey City, 76 N. J. Eq. 114; Allen v. Distillers Co., 87 N. J. Eq. 531; Renwick v. Hay, 90 N. J. Eq. 148.* In a recent case in the court of errors and appeals (*Hedden v. Bierman-Everett Foundry Co.*), it appeared that complainant sought an injunction to prevent a threatened interference by respondents with her use of a siding. The vice-chancellor had dismissed the bill. While holding against complainant on the merits he also stated in his conclusions that if the complainant had the right she

said she had it was a legal right, whose nature and extent could have at least, in the first instance, been determined only in a court of law. This point was argued in the court of appeals; that court, without referring to it, reversed the vice-chancellor and granted the injunction. It seems to me that the statement of the loss which would be suffered by complainant indicates quite clearly that a remedy at law is wholly inadequate and that this court has jurisdiction. Defendant insists that its damages, by being kept out of possession, cannot be compensated for in any action at law.

Before complainant can succeed he must show that he had a legal right to the continued possession of the property. It is immaterial, I think, in this court whether the clause in the lease, under which possession is claimed by defendant, be termed a condition or a limitation, however important the determination of that question may be in order to settle the jurisdiction of the district court. If the complainant's term has expired by limitation or if the defendant is entitled to re-enter for breach of condition, complainant is not entitled to relief here. The sole question is whether the notice given was a notice in pursuance of the clause. I am quite clear that it was. The lease provided that the landlord might terminate it upon a sale upon six months' written notice and it was agreed that in lieu of compensation, rent should be waived during the six months' notice to vacate. The notice served on October 1st specifically referred to the sale and gave notice of the cancellation of the lease and included a copy of the clause relied on. The argument that complainant did not know whether to consider this notice a notice to vacate or whether he might remain liable for the rent after the termination of the six months' period is, I think, specious. When he tendered his rent month by month during the period of six months after October 1st it was refused. There is no question in my mind but that he was fully advised by this notice that defendant had elected to terminate the lease. I think his right of possession ceased on May 1st. This construction of the notice is in accord with the construction put upon it by the judge of the district court and I am informed by the chief-justice.

The order to show cause will be dissolved, the restraint vacated and the motion to strike out the bill granted. I need hardly say that I have not rested jurisdiction upon the inability of complainant to secure relief on appeal or *certiorari* because of the law courts not being in session. *Clark* v. *Board of Education of Bayonne, 76 N. J. Eq. 326.*