DAVID JACOBSON, RESPONDENT, v. EDWIN L. GRUEN-BERG, APPELLANT.

Argued February 19, 1924—Decided July 21st, 1924.

A judgment for possession, in landlord and tenant proceedings in a District Court, is not conclusive as to the amount of rent due by the tenant to the landlord, in a subsequent suit instituted by the landlord against the tenant for the recovery of rent for the premises. The adjudication in the landlord and tenant proceed-is merely a decision *pro hac vice.*

On appeal from the First District Court of Jersey City.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Robert Carey (William L. Rae,* of counsel).

For the respondent, *Lichtenstein & Lichtenstein (David Friedenberg,* of counsel).

The opinion of the court was delivered by

KATZENBACH, J. · This is an appeal by the defendant below 'from a judgment of the First District Court of Jersey City.' The judgment was entered upon a verdict directed by the court for the plaintiff. The suit was instituted to collect a balance of rent claimed to be due for premises in Jersey City. The defendant appeared in court prepared to controvert the amount of rent due. The dispute arose from an increase in the rent of the premises. The court refused to permit the defendant to contest the amount claimed to be due, for the reason that prior to the institution of the suit the plaintiff had brought against the defendant proceedings to dispossess him for the non-payment of the increased rent, and had secured a judgment for possession. The court, in arriving at its decision in the landlord and tenant proceedings, found that the defendant was obligated to pay the increased rent. In the present case the court held that the judgment in the proceedings to dispossess the tenant, which was offered in evidence, was conclusive against the defendant, upon the amount of rent due and the question as to the amount of rent to be paid by the defendant for the premises was *res adjudicata.* This appeal presents the question whether or not a judgment for possession in a case to dispossess a tenant is conclusive upon the parties in a subsequent legal action involving the question as to the amount of rent due, or is merely a decision *pro hac vice.*

Upon this question divergent views have been expressed in the opinion of our courts. In *Brick* v. *Burr,* 47 *N. J. Eq.* 189, it was held that the determination of the tribunal, specified in the act concerning landlords and tenants, is, with the exception named in the statute, conclusive between the parties on all questions within its jurisdiction, which were litigated and decided, or which might have been litigated but for the neglect of the party. This decision was rendered in 1890. It overlooked, however, the consideration of this question by Chief Justice Beasley in the case of *McWilliams* v. *King & Phillips,* 32 *N. J. L.* 21. This

was an action *square clausum fregit* instituted by a tenant against the landlord and a constable who held a warrant for dispossession of the tenant issued out of a justice's court in landlord and tenant proceedings. The learned Chief Justice held that the proceedings were conclusive so far as to be a justification to the constable for his action, but were not conclusive, either upon landlord or tenant, in any subsequent legal proceedings. He said "as to them [landlord and tenant] the statute regulating the trial has established a different rule, for it is expressly declared that the landlord shall remain liable in an action of trespass for any unlawful proceedings under the act. I think the intention was to establish a procedure of a provisional and summary nature, by which, for the time, it should be settled as between the landlord and tenant, who should have the immediate possession of the premises in dispute. It does not seem to me at all probable that the legislature designed, by a prompt proceeding before a justice of the peace, which is subject neither to appeal nor review by *certiorari,* to adjudge definitely the right of possession to houses and lands, no matter how difficult or abstruse the question of law involved or how valuable the interest at stake might be. My conclusion is that the decision before the justice, so far as it touches the rights of either landlord or tenant, is a decision *pro hac vice,* and nothing more. Either of them can, in any subsequent legal investigation, deny or disprove the facts upon which such decision is based." The cases of *Hopper et al.* v. *Chamberlain,* 34 *Id.* 220, and *Van Vlaanderen Machine Co.* v. *Fox,* 95 *Id.* 40, follow the case of *McWilliams* v. *King & Phillips, supra.*

We feel that the view expressed by Chief Justice Beasley in the case last mentioned is the more logical. In landlord and tenant proceedings the procedure is summary. It is designed to determine speedily who is entitled to immediate possession of property. The proceedings cannot be reviewed by appeal or *certiorari.* It would be unjust to make the decision final and conclusive where no right of review is given. We have therefore reached the conclusion that the

District Court erred in its rulings that the defendant below should be precluded from presenting his proof as to the amount, if any, due the plaintiff.

The judgment of the District Court is reversed and a *venire de novo* awarded.