The complainant leased from the defendant a factory building and covenanted, among other things, that it would not "make any alterations therein without the written consent of the landlord, under penalty of forfeiture and damage," and stipulated that upon "a breach thereof the term herein shall immediately cease and determine at the option of the landlord as if it were the expiration of the original term." The defendant lately filed a complaint in the district court for the second judicial district of the county of Bergen alleging "that said H. Windholz Son, Incorporated, did breach and break said lease in that said company made certain alterations on said premises without the written consent of the deponent, and said H. Windholz Son, Incorporated, have willfully destroyed and damaged the above premises," and that written demand for possession of the *Page 472 
premises had been made and refused. Summons issued directing the complainant to appear before the court and show cause why possession should not be delivered to the defendant. This bill is to restrain the prosecution of the action. The complainant admits it made certain alterations, specifying them, but sets up that the defendant participated and acquiesced therein, and that a certain other specified alteration, not acquiesced in, was necessarily made to comply with the health laws of the state, and, further, that the defendant, with notice of the alterations, accepted rent and thereby waived the forfeiture. It is further set up that the premises were not destroyed and damaged other than by said alterations. A temporary restraint issued, and the motion is for a preliminary injunction. The defendant denies, in his affidavit, previous knowledge of, consent to or acquiescence in, the alterations first mentioned, but the proof in support of the bill leads strongly to the belief that he knew the alterations were being made and that he took rent with notice. As to the alterations made to conform to the health laws he says he had and has no knowledge. On the issue of fact the proofs of the complainant prevail, and it is entitled to the protection of this court, unless it has, as the defendant contends, a complete and adequate defense at law.
The causes for action to dispossess are twofold for a breach of the covenant and for destroying the premises (laws of 1920, chapter 260), and in either aspect the right to recovery rests upon a forfeiture, to which a waiver would, undoubtedly, be a good defense at law (North v. Jersey Knitting Mills,98 N.J. Law 157), and as to the alterations necessarily made to conform to the state health laws it could be pleaded that the covenant was not inclusive and was subordinate to the laws of the state, and that the penalty of forfeiture did not apply. The complainant could also, it would seem, succeed in overthrowing a judgment, on a review by certiorari, for want of jurisdiction in the district court to oust for breach of covenant (Smith v.Sinclair, 59 N.J. Law 84), and it could succeed, no doubt, in nullifying the proceedings *Page 473 
for insufficiency of the complaint in stating the causes for action. Gray v. Reynolds, 67 N.J. Law 169. The nature of the alterations are not specified, nor is it stated in what respect the complainant wantonly destroyed and damaged the premises, nor is it alleged that a right of re-entry was reserved in the lease in the event of such destruction, as required by the act of 1920. The constitutionality of the act, for want of proper title, might, also, be successfully assailed, and there may be other grounds of which the complainant could avail itself and defeat the action at law, but it is not driven to such expediencies. Equity relieves against the forfeiture. 1 Pom. Eq. Jur. (4thed.) 857; Thropp v. Field, 26 N.J. Eq. 82; Levy v.Blackmore, 67 Atl. Rep. 1022; Commercial Trust Co. v. WertheimCoal Co., 88 N.J. Eq. 143. Furthermore, if the district court has jurisdiction, and erroneously should refuse to entertain or uphold the defense of waiver, or any other valid defense, its judgment would be final, the complainant's possession would be lost to it, and its only remedy would be a suit for damages for unlawful ouster. McGann v. La Brecque Co., 91 N.J. Eq. 307.
The proceedings are summary; there is no appeal on the merits, and, on certiorari, the only reviewable question is, had the court below jurisdiction. Cases in 4 Park. Dig. 7917. The relief the complainant presently stands in need of is the protection of its possession, not damages, and while the law may grant compensating damages for the injury now threatened, equity prevents the infliction of the injury altogether. It is obvious that the defense at law is not complete and adequate. Equity will not refuse to interpose when the remedy is more nearly complete and perfect in equity than at law. Hanwood v. Jarvis Schafer, 27 N.J. Eq. 247.
 There will be an injunction. *Page 474