The defendant Mary Ulicny owned a theatre building in which she conducted a moving picture theatre. On April 9th, 1924, she sold the moving picture business and the good will thereof to the complainant corporation for $10,000 and gave the corporation a ten-year lease on the theatre building and the equipment. The lessor was to make all exterior and structural repairs and the lessee all interior repairs, and if either party defaulted, and after notice in writing, the other was at liberty to make them and charge them to the defaulter or terminate the lease.
There was a covenant to use the theatre only for a moving picture theatre and a right of re-entry was reserved to the lessor if the building became vacant or deserted.
There was also a covenant against assignment of the lease without the consent of the lessor, upon penalty of forfeiture, *Page 55 
subject, however, to an agreement by the lessor to consent to an assignment of $4,000 be posted to secure the future rent.
On February 28th, of this year, the owners of the capital stock of complainant corporation sold their shares to the controlling shareholders of a nearby moving picture theatre house corporation, the West End Theatre. The new management carried on daily displays until the middle of March. In the latter part of that month and until about the middle of April, a Jewish moving picture was shown calculated to draw the Jewish neighborhood clientele and others more distant. The house was then closed to business and about June 1st the defendant owner and her husband took forcible possession, and promptly this bill was filed. An injunction issued restraining the defendants from interfering with complainant's possession which later upon the proofs was dissolved and the defendants have since carried on the moving picture business.
The complainant's right of occupancy was and is supreme and its right to enjoy the premises during the term of its lease is as inviolate and is as assured to it in law as fully as if it held the fee. It may appeal to this court against invasion of its enjoyment by the lessor unless there be a forfeiture and/or right of re-entry reserved for breach of covenant.
The rent was paid to May. It was tendered for May promptly after the defendant took possession in June and was refused. There is no forfeiture or right of re-entry reserved for non-payment of rent, and if there were equity would relieve against a forfeiture upon payment.
There was no desertion of the theatre, nor was the building vacant. The business was not profitable and the new management suspended operations temporarily. The house was what is known as a neighborhood theatre, catering to the people living in the vicinity. It had been a first-run house for the section in which it is located in competition with the West End Theatre, nearby. The management concluded that it would be more profitable to make it a second run house *Page 56 
at a cheaper price; that is, to run the same or same type of picture at a later date than in first-run houses or run at times a cheaper class of pictures at a lesser price. The summer was approaching, times were bad in the theatre business and temporary suspension was deemed advisable. Theatres are usually closed during the hot spell. This one closed much earlier because it was losing money as a first-run house. Though closed to business it was not vacant nor deserted. The company lessee was in possession repairing and preparing the theatre to carry out its policy of a second-run house and to open in the fall. There was not the slightest warrant for taking possession on the ground of abandonment or vacancy.
The defendants attempt to justify their conduct chiefly, if not solely, on the ground of waste and the consequent necessity for taking possession to protect their property. That is flimsy. They did not know the condition of the interior, of which they now find fault, until they forcibly entered after being refused the keys and their claim of waste is but a shallow pretense for recapturing the business they sold seven years ago at a handsome price. The truth is, they wanted the business and seized the theatre on the pretext that the sale of the shares of stock in the lessee company to the management of the West End Theatre was an assignment of the lease. In fact, that is their contention, frivolous as it may be.
The "waste" they found after breaking in was not serious. All repairs could be made for approximately $600, and some, if not many, were repairs that the defendants should have made — structural repairs — under the terms of the lease. The failure of the tenant to make repairs was not made the subject of forfeiture, but by the language of the lease they were mendable by the landlord, after written notice, and chargeable to the tenant. The failure did not work a forfeiture or give a right of repossession.
To all this the defendants say: We are in possession, unlawfully, if you please, and the remedy is at law by ejectment *Page 57 
and for damages for the wrongful detention. The defendants overlook this important and controlling feature — their unlawful intrusion upon the complainant's right of possession is an invasion of its moving picture business in the theatre and their unlawful taking possession of the building is merely a step in their unlawful interference with the business. This equity will prevent. It protects the complainant in its right to carry on its business for profit in its own chosen way. Imposition upon it by the lessor taking possession of the premises in which the business is conducted is no less offensive than like destructive tactics by strangers to the freehold.
And as a last resort the defendants say that the complainant has an adequate remedy at law for their unlawful and high-handed conduct. It has a remedy, but not nearly as adequate as equity affords, to restore the complainant to its opportunity to carry on, as it had the right under its lease, and to make its profits out of its business in the manner it selects in carrying on its busines. An action for damages at law is a poor substitute for the preventive relief afforded by equity. The continuing character of the injury, the misfortune of a multiplicity of suits and the almost impossibility of admeasuring the damages at law, are all elements that support equity's jurisdiction. The relief sought is intrinsically specific performance and the plea that there is an adequate remedy at law equal to the enforcement of the primary right has been repeatedly discredited.
Citation of authorities seems hardly necessary of equity's jurisdiction to prevent interference with complainant's business and to restore to it its leased premises, especially a theatre, a unique place in which only that business can be carried on. Cases in point are: Brower v. Board of Commissioners of Asbury Park,103 N.J. Eq. 173; Nelson Theatre Co. v. Nelson, 216 Mass. 30;Chesapeake Brewing Co. v. Mt. Vernon Brewing Co.,68 Atl. Rep. 1046; People's Brewing Co. v. Levin, 78 N.J. Eq. 583.
 There will be an injunction. *Page 58