Defendant Tide Water Associated Oil Company (hereinafter *Page 138 
called "Tide Water") seeks to dissolve the ad interim restraint imposed by the order to show cause heretofore obtained by complainant enjoining it from further prosecuting the summary dispossess action instituted by it, and still pending against complainant, in the District Court of the Fifth Judicial District of the County of Bergen.
The pertinent facts, as gleaned from the allegations of the bill of complaint and the affidavits annexed thereto, as well as from the answering affidavits submitted on behalf of Tide Water in support of its present motion to dissolve the assailed restraint, are as follows: On October 9th, 1935, complainant, by a written lease of that date, rented the premises located on the southeasterly corner of Paterson Plank Road and Main Avenue, Wallington, New Jersey, from The Anderson Lumber Company, who then was and still is the owner thereof, for the term of five years ending on October 31st, 1940, subject, however, to complainant's right to a renewal thereof for an additional term of two years from its said expiration date, and which right of renewal he allegedly exercised on October 10th, 1940. On August 29th, 1940, The Anderson Lumber Company, by its written lease of that date, rented said premises to one Olga Keller for a period of five years commencing on November 1st, 1940, who thereupon let said premises for the duration of her term to Tide Water, which thereupon leased said premises to complainant for the term of five years commencing on and from November 1st, 1940, and from year to year thereafter, subject to termination at the end of the initial period or any subsequent year by either party upon thirty days' written notice to the other, and by the terms and conditions of which lease complainant, under penalty of forfeiture and termination thereof, undertook and agreed, among other things, "to handle and sell at said demised premises only petroleum products purchased from lessor and not to handle or sell thereat petroleum products of any other supplier."
On December 19th, 1941, Tide Water caused notice to be served upon complainant requiring him, within three days thereafter, to quit and surrender said premises by reason of his having breached and failed to perform the aforesaid covenant *Page 139 
respecting his exclusive sale and handling of its petroleum products on said premises, and thereafter, on December 29th, 1941, instituted a summary dispossess proceeding against him in the Second Judicial District Court of the County of Bergen to recover possession of said premises by reason of his breach and failure to perform the aforementioned covenant, which proceeding was, however, on January 15th, 1942, determined in his favor.
On February 10th, 1942, Tide Water caused another notice to be served upon complainant requiring him, within three days thereafter, to quit and surrender the said premises by reason of his continued breach and failure to perform the hereinabove mentioned covenant, and thereafter, on February 24th, 1942, caused another summary dispossess proceeding to be instituted against him in the Fifth Judicial District Court of the County of Bergen to recover possession of said premises by reason of his aforementioned default.
The bill of complaint further alleges that Tide Water has embarked on a course of action to institute numerous law suits for dispossession against complainant for the purpose of harassing, annoying and attempting to deprive him of his right to the possession of said premises; that complainant has a legal right to the continued possession of said premises by virtue of his lease with The Anderson Lumber Company of October 9th, 1935, and his alleged renewal thereof on October 10th, 1940; that there is no appeal on the merits of a judgment for dispossession; that complainant would suffer irreparable injury in the event that the Tide Water is successful in its now pending summary dispossess proceedings; that Tide Water is barred and estopped from proceeding with its said action because complainant's right to possession of said premises is, by virtue of the adjudication made in Tide Water's first summary dispossess proceedings, nowres adjudicata; and that complainant is and always has been in possession of said premises by virtue of his lease of October 9th, 1935, with The Anderson Lumber Company, and not under his lease with Tide Water to whom he claims to have never even attorned. All of these allegations are, however, denied by the affidavits submitted on behalf of Tide Water in support *Page 140 
of its present motion to dissolve the temporary restraint which complainant obtained against it upon the filing of his duly verified bill of complaint.
In support of his asserted right to, and in opposition to Tide Water's present motion for the dissolution of, the here assailed temporary restraint, it is vigorously contended on behalf of complainant that the adjudication of the District Court in the first summary dispossess proceeding which Tide Water had instituted against him is res adjudicata of and a bar to its now pending and here temporarily enjoined summary dispossess proceedings; that the said summary dispossess proceedings were instituted by Tide Water for the purpose of harassing and annoying him and attempting to deprive him of his alleged right to the quiet possession of the premises in question; that he will suffer irreparable injury in the event that he is unlawfully ousted or dispossessed from said premises, and in which event an award for damages at law will be wholly inadequate.
It is now well settled that summary dispossess proceedings taken under the Landlord and Tenant Act (R.S. 2:32-265, etseq.) do not result in any judgment that is binding as between the landlord and the tenant. By enacting that the landlord shall remain liable in an action of trespass for any unlawful proceedings under it, the act itself manifestly deprives the judgment of dispossession of all semblance of a determination of the ultimate right to, as distinguished from the immediate possession of, the premises. The judgment is nothing more than a legal sanction for the issuance of a warrant which acts as a legal justification for the constable or other duly constituted officer removing the tenant from and putting the landlord into possession of the premises.
As was said in Coe v. Haines, 44 N.J. Law 134, "the statute deprives the judgment in that suit of the quality of conclusiveness between the parties which a judgment has in other cases. It may be set up as a shield by the officers of the law, but not by the landlord; he enforces the removal of the tenant at the peril of a different finding in an action of trespass by the tenant." To like effect are: McWilliams v. King and Phillips,32 N.J. Law 21; Richardson v. Smith, *Page 141 74 N.J. Law 111; 65 Atl. Rep. 162, 163; Reade v. Bodine,2 N.J. Mis. R. 458; Jacobson v. Gruenberg, 100 N.J. Law 77;125 Atl. Rep. 562. Hence, the determination made against Tide Water in its first summary dispossess proceedings against complainant is neither a bar to nor res adjudicata of its second such proceeding; and especially more so, in view of the fact that the latter proceeding is based upon breaches and defaults continued after January 15th, 1942, the day on which the adverse judgment was entered in its first summary dispossess proceeding against complainant. Consequently, complainant's contention to the contrary cannot be sustained.
Furthermore, Tide Water, upon the authorities and for the reasons above mentioned, had a legal right to institute and prosecute against complainant its second summary dispossess proceedings. Coe v. Haines, supra; Reade v. Bodine, supra;Richardson v. Smith, supra; McWilliams v. King and Phillips,supra; Jacobson v. Gruenberg, supra. In the exercise of that right, it should not and cannot be enjoined by this court upon the mere theory that its pursuit of its said right is or may be annoying or harassing to complainant or may even result in his being ultimately dispossessed by warrant of law from said premises, the right to the possession of which he claims but which Tide Water contends were lost to him and vested in it by reason of his breaches and defaults which are set forth in and constitute the basis of its now pending summary proceedings against him.
It is now well settled that a court of equity has inherent jurisdiction to relieve against a forfeiture, where equitable rights or equitable defenses are involved. Baldwin v. VanVorst, 10 N.J. Eq. 577; Grigg v. Landis, 21 N.J. Eq. 494;Henwood v. Jarvis and Schafer, 27 N.J. Eq. 247; Fulton v.Greacen, 36 N.J. Eq. 216; Levy v. Blackmore (N.J.Chancery), 67 Atl. Rep. 1022; Bergman v. Fortescue, 74 N.J. Eq. 266; 69 Atl. Rep. 474; Commercial Trust Co. v. L. WertheimCoal and Coke Co., 88 N.J. Eq. 143; 102 Atl. Rep. 448; Blake Co. v. Smidth, 119 Atl. Rep. 306; Lincoln Furniture Co. v.Bornstein, 100 N.J. Eq. 78; 135 Atl. Rep. 83. Where the forfeiture or penalty sought was provided merely as a means of security for the payment of *Page 142 
money, then equity regards such payment as the principal intent of the instrument and will usually grant relief against and enjoin said forfeiture upon the payment of the amount due with interest and costs. Based upon this principle, equity has recognized the right of the tenant, in a proper case, to be relieved against a forfeiture for the non-payment of his rent.Thropp v. Field, 26 N.J. Eq. 82; Fleming v. Fleming HotelCompany of New Jersey, 69 N.J. Eq. 715; 61 Atl. Rep. 157; H.Windholz Son v. Burke, 98 N.J. Eq. 471; 131 Atl. Rep. 386;Sparks v. Lorentowicz, 105 N.J. Eq. 18; 146 Atl. Rep. 667;affirmed, 106 N.J. Eq. 178; 150 Atl. Rep. 351; Milonas v.Harmony Country Club, 108 N.J. Eq. 485; 155 Atl. Rep. 610;Rivoli Holding Co., Inc., v. Ulicny, 109 N.J. Eq. 54;156 Atl. Rep. 369.
In the case at hand, however, no equitable rights nor equitable defenses are involved. Complainant does not claim that his defense at law to the summary dispossess proceedings now pending against him is not complete and adequate, nor has he shown that his remedy is more nearly complete and perfect in equity than at law, nor does he claim that Tide Water is attempting to enforce a forfeiture or penalty against him because of (a) his non-payment of rent, (b) his default in any covenant for the breach of which pecuniary compensation can appropriately be made, or (c) because of the breach of any covenant or condition which it had waived, nor does he claim that he has no complete or adequate defense at law, one or more of which aforesaid features were found to exist in Sparks v. Lorentowicz, supra; N. Windholz Son v. Burke,supra; Milonas v. Harmony Country Club, supra; Rivoli HoldingCo., Inc., v. Ulicny, supra; Fleming v. Fleming Hotel Companyof New Jersey, supra; Thropp v. Field, supra, and by reason of which those cases are clearly distinguishable from the one at bar.
Here complainant, under claim of a legal right to the possession of said premises by virtue of his lease with The Anderson Lumber Company, merely seeks to prevent Tide Water — which too claims to have the legal right to the possession of said premises because of complainant's breach of his covenant to exclusively handle and sell at said premises *Page 143 
the petroleum products of Tide Water and none other — from ousting or dispossessing him from said premises by reason of his said default and for which default, and the continuation thereof, however, no appropriate compensation can be made to Tide Water. Obviously, the legal claim of each to the possession of said premises emanates from and is based upon a separate, distinct and entirely different lease. The issues thus raised and poised for determination are purely of a legal character, involve no equitable rights or defenses, and furnish no basis for equitable intervention.
Nor can this court, under the here existing circumstances, withdraw from the District Court the summary dispossess proceedings therein pending and bring them to this court for the purpose of here settling questions of pure law or fact, merely because of complainant's contention that he will suffer irreparable injury in the event that he is unlawfully ousted or dispossessed from said premises, and in which event, he claims an award for damages at law will be wholly inadequate. In McGann
v. LaBrecque Co., Inc., 90 N.J. Eq. 526; 107 Atl. Rep. 175, the late Vice-Chancellor Lane — based upon his finding (a) that complainant had built up a good will worth in the neighborhood of $500,000, (b) that he was under contract with many individuals and interests for the storage of goods and under which agreements goods worth more than $1,000,000 were then in storage, (c) that he could not find another place to locate and that, in the event of his being forced to surrender possession of the premises, he would not only suffer loss or damage arising out of injury to his good will and his inability to secure further business and carry out contracts, but would also, because of breach of contract with his customers, be exposed to their rights of action against him, and until the determination of which actions he would be unable to determine his own consequential damages, and (d) that the defendant, a New York corporation, was unable to respond in damages — held that complainant's remedy by an action in trespass, as provided by section 113 of the Landlord and Tenant Act, 2 Comp. Stat. p. 1990, now R.S. 2:32-273, was wholly inadequate and that the landlord, therefore, remained liable to be enjoined in equity from committing the trespass. *Page 144 
On appeal, however, the Court of Errors and Appeals in holding to the contrary, by Mr. Justice Swayze, 91 N.J. Eq. 307;109 Atl. Rep. 501, said:
"Compensation is pecuniary, there is no reason to hold the damage irreparable. However great the complainant's loss may be in this case, whether it is ascertained by a jury or by a Vice-Chancellor, it must be pecuniary, unless an equitable right is involved, and, as the Vice-Chancellor held, none is involved here."
The case of Rafferty v. Schutzer, 107 N.J. Eq. 613;153 Atl. Rep. 626, was affirmed by the Court of Errors and Appeals upon the opinion of Vice-Chancellor Backes wherein he said:
"If the eviction is unlawful, she has her remedy at law for damages. McGann v. LaBrecque Co., Inc., 91 N.J. Eq. 307;109 Atl. Rep. 501, * * * for the loss, she has an adequate remedy at law, if any of her rights are violated. Injunction is denied."
In conformity with the views hereinabove expressed, an order may be entered discharging the order to show cause and vacating the restraint thereby imposed.