The defendant owns the premises known as 5710-12 Park Avenue, West New York, New Jersey, which she leased to the complainant, trading as "Smart Style," for a period of five years beginning January 1st, 1944. It is a factory building and was to be used as follows:
"First, or ground floor to be used solely for manufacturing of genuine and imitation leather goods and the second floor to be used solely for dwelling purposes, but for no other products on the first or ground floor upon the conditions and covenants following: * * *." *Page 543 
The lease further provided:
"Sixth: That no alterations, additions or improvements shall be made in or to the premises without the consent of the Landlord in writing, under penalty of damages and forfeiture, and all additions and improvements made by the Tenant shall belong to the Landlord. Trade fixtures of tenant to remain property of tenant."
"Fifteenth: That if default be made in any of the covenants herein contained, then it shall be lawful for the said Landlord to re-enter the said premises, and the same to have again re-possess and enjoy."
"Twenty-third: The failure of the Landlord to insist upon strict performance of any of the covenants or conditions of this lease or to exercise any option herein conferred in any one or more instances, shall not be construed as a waiver or relinquishment for the future of any such covenants, conditions or options, but the same shall be and remain in full force and effect."
The defendant on or about October 18th, 1946, notified the complainant that she would terminate the lease as of November 1st, 1946, alleging a breach of the covenants in the lease. She instituted dispossess proceedings on or about November 5th, 1946, in the District Court of the First Judicial District of the County of Hudson, based upon the alleged breaches of the lease as follows:
(a) By reason of the complainant's use of the second floor of the premises for office purposes after dispossessing the tenants thereof.
(b) By reason of certain alterations or improvements made by complainant of the premises, without the written consent of the landlord, allegedly required by the lease, to wit, the installation of a fan over one garage door and a window over the other; the installation of vents on the roof; the tearing up of the concrete flooring of the ground floor and bolting machines thereto; the removal of a window and setting therein a fan.
(c) The installation of two tanks in the building when the heating system was converted to oil instead of installing same outside the building.
Whereupon complainant filed the bill herein seeking a restraint of the dispossess action at law. He alleges that every other act complained of by the defendant was done with her *Page 544 
consent, acquiescence and knowledge; denies any breach of the conditions or covenants in the lease; and denies tearing up of concrete flooring and bolting machines thereto.
The defendant denies the complainant's allegations and by way of defense says the bill lacks equity; that she had not consented to complainant's commercial use of the second floor; and that there was no waiver of the breach of the conditions of the lease.
The complainant submitted proof that the conversion of the second floor from an apartment to offices was done after he complained to the defendant of the excessive heat on the ground floor of the building, and that she thereupon agreed to the complainant's proposal to move his offices to the second floor.
In the spring of 1945 he proceeded to have the offices decorated by a painter who was then working on the premises for the defendant. While that work was being done the defendant appeared on the premises, observed the work and raised no protest against it.
The notice to the complainant that the change in the upstairs floor from living apartments to commercial offices, constituting a breach of the covenants of the lease, was not given until October, 1946, approximately one and a half years later.
It was testified, for reasons of health, a fan was installed over one garage and a window over the other in order to provide necessary ventilation of the premises. It was stated these alterations were made with the defendant's consent. They were clearly visible to the defendant. She admitted that she raised no objection to those changes until October, 1946.
The complainant testified that he would remove the fans and restore the premises to their original condition if the defendant desired him to do so.
The evidence indicated that the complainant's lacquering operations produced fumes that made it necessary to install a vent on the side of the building. The vent thereafter was shut off by the erection of a building on the adjoining property which prevented the fumes from escaping. This resulted *Page 545 
in a condition which was dangerous to the health of the complainant's employees; whereupon the complainant installed vents on the roof of the building to take care of the noxious fumes.
The defendant's objection to the installation of two fuel tanks inside the building is met by complainant's proof that the installation had been properly made and that no fire hazard was thereby created, and that it did not constitute a violation of any local, county or state law. There was no testimony contradicting the complainant's evidence to this effect.
During the complainant's occupancy of the premises, he built up a highly profitable business from a gross of $100,000 in 1944 to $250,000 in 1946; he installed on the premises forty machines having a value of $25,000; he has forty-five employees, and the cost of the improvements which were made in the premises amounted to about $5,000, which enhanced the defendant's property. He contended that a forfeiture of his lease would necessarily inflict a tremendous loss upon him and practically result in the destruction of his business.
I believe the complainant has established a right to relief. This court, in a proper case, will afford relief against a forfeiture and will restrain summary proceedings to dispossess a tenant notwithstanding that there are legal defenses available in the suit at law.
In the case of H. Windholz Son v. Burke, 98 N.J. Eq. 471;131 Atl. Rep. 386, the defendant instituted a dispossess proceeding in which a breach of a factory lease was claimed, and it was alleged that the complainant made alterations on the leased premises without the written consent of the defendant and that the complainant willfully destroyed and damaged the premises. The complainant then sought to restrain the prosecution of the action and admitted the alterations, but claimed that the defendant participated and acquiesced therein. The court granted the injunction, and, among other things, declared: "On the issue of fact the proofs of the complainant prevail, and it is entitled to the protection of this court, unless it has, as the defendant contends, a complete and adequate defense at law." *Page 546 
After enumerating the many defenses which might be invoked in the dispossess proceeding, the court held:
"* * * and there may be other grounds of which the complainant could avail itself and defeat the action at law, but it is not driven to such expediencies. Equity relieves against the forfeiture. 1 Pom. Eq. Jur. (4th ed.) 857; Thropp v.Field, 26 N.J. Eq. 82; Levy v. Blackmore, 67 Atl. Rep. 1022;Commercial Trust Co. v. Wertheim Coal Co., 88 N.J. Eq. 143.
Furthermore, if the district court has jurisdiction, and erroneously should refuse to entertain or uphold the defense of waiver, or any other valid defense, its judgment would be final, the complainant's possession would be lost to it, and its only remedy would be a suit for damages for unlawful ouster. McGann
v. LaBrecque Co., 91 N.J. Eq. 307. The proceedings are summary; there is no appeal on the merits, and, on certiorari, the only reviewable question is, had the court below jurisdiction. Cases in 4 Park. Dig. 7917. The relief the complainant presently stands in need of is the protection of its possession, not damages, and while the law may grant compensating damages for the injury now threatened, equity prevents the infliction of the injury altogether. It is obvious that the defense at law is not complete and adequate. Equity will not refuse to interpose when the remedy is more nearly complete and perfect in equity than at law. Hanwood v. Jarvis Schofer, 27 N.J. Eq. 247. There will be an injunction."
The Windholz v. Burke Case seems to be on all fours with the instant case.
It is the province of equity to grant relief against forfeiture notwithstanding the defense of waiver may be tried at law. That principle was established in El Mora Super Service, c., Inc., v. Byrnes, 117 N.J. Eq. 342; 175 Atl. Rep. 794. There the complainant sought to restrain the landlord from seeking a forfeiture of a lease for alleged breaches. In denying the injunction the court said:
"There is this perceivable equitable element as to which the remedy at law is inadequate, but is not pleaded. Upon a trial at law of the issues of breach and waiver of the covenants *Page 547 
that the structure was to be of `all new material' and to be built according to plans, if breaches justifying forfeiture and no waiver were found, judgment for possession would go against the complainant, whereas equity may grant relief against forfeiture upon performing the conditions. To be more definite: If the structure be of some old material, or is not of the height or size specified, or remains unfinished, equity may relieve against the forfeiture upon the defects being remedied. Grigg
v. Landis, 21 N.J. Eq. 494."
The complainant was granted permission to amend the bill setting up his willingness to perform the covenants in respect to any shortcomings in the structure.
While a waiver of breach of covenants is a good defense either at law or in equity, it is primarily of equitable cognizance. Equity will not ordinarily exercise its jurisdiction when the defense is pleaded in a common law action, but if that action is of a summary nature where there is no appeal on the merits, it will entertain the defense and stay the action at law. InLincoln Furniture Co. v. Bornstein, 100 N.J. Eq. 78;135 Atl. Rep. 83, the court said:
"The defendant's objection that equity is without jurisdiction because the defense of waiver is available at law is not substantial. * * * That a waiver is an available defense at law is settled law. North v. Jersey Knitting Mills,98 N.J. Law 157. But the relief rests purely on equitable doctrine, and was originally granted by the Chancellor alone and later adopted by the courts of law. The inherent jurisdiction of courts of equity to relieve against forfeiture, as in case of waiver for breach of covenant, is too well established to need extended citation of authority. Pom. Eq. Jur., § 454 However, when the defense may be pleaded at law, and adjudicated according to the course of the common law, equity courts refrain from exercising its jurisdiction. But it is not called upon to stay its arm when the proceedings at law are summary and the defense precarious."
This complainant, in his complaint and at the hearing, offered to restore the premises to their original condition with respect to the installation of the fans and window in the garage doors. *Page 548 
If the dispossess at law were prosecuted, the District Court would be limited to proof of the breach of condition, upon a violation of which it would be required to grant a judgment for possession; whereas this court may relieve against such a forfeiture by directing that the breach complained of may be remedied, thereby giving effect to the condition exacted by the landlord without the necessity of enforcing a forfeiture. Whenever it appears that the conduct of a landlord is oppressive and unconscionable, equity will entertain an application to prevent a forfeiture. See Rivoli Holding Co., Inc., v. Ulicny,109 N.J. Eq. 54; 156 Atl. Rep. 369, wherein the court said:
"And as a last resort the defendants say that the complainant has an adequate remedy at law for their unlawful and high-handed conduct. It has a remedy, but not nearly as adequate as equity affords, to restore the complainant to its opportunity to carry on, as it had the right under its lease, and to make its profits out of its business in the manner it selects in carrying on its business. An action for damages at law is a poor substitute for the preventive relief afforded by equity. The continuing character of the injury, the misfortune of a multiplicity of suits, and the almost impossibility of admeasuring the damages at law, are all elements that support equity's jurisdiction."
See Red Oaks, Inc., v. Dorez, Inc., 118 N.J. Eq. 198;178 Atl. Rep. 554, where this court granted an injunction against the landlord after judgment for possession was obtained against complainant-tenant, for alleged non-payment of rent. In describing the inequity of the forfeiture, the court held:
"The instant case is more analogous to the Rivoli Case where Vice-Chancellor Backes laid particular stress upon the fact that the forfeiture of the lease would mean the destruction of the tenant's business. Here the tenant has built up, as the evidence shows, a profitable business; has expended a substantial sum in the improvement of the defendant's property; and the termination of the lease would mean the loss of its business and good will, with no assurance of recovery of adequate damages for losses sustained." *Page 549 
And,
"One of the fundamental purposes of the Court of Chancery is to relieve against injustice resulting from the application of the strict rules of law."
To the same effect is D. Paradis Co. v. North Hudson HoldingCo., 137 N.J. Eq. 430; 45 Atl. Rep. 2d 323, wherein the landlord instituted ejectment for alleged default in payment of rent. In granting the injunction pendente lite, Vice-Chancellor Fielder held:
"The only question before me is whether on the showing by the affidavits filed on behalf of the parties, the defendant should be restrained from proceeding with its ejectment suit until the cause can be heard and determined on testimony produced in open court. This court has inherent jurisdiction in a proper case to relieve against a forfeiture and to restrain proceedings to dispossess a tenant for alleged breach of the terms of his lease, even though there may be a legal defense available in the suit at law. H. Windholz Son v. Burke, 98 N.J. Eq. 471; LincolnFurniture Co. v. Bornstein, 100 N.J. Eq. 78; affirmed,101 N.J. Eq. 774."
I am satisfied that the proof herein indicates that the defendant had knowledge of all the facts and acquiesced in the improvements made in the premises and that she stood by and raised no objection for approximately a year and a half, against the alterations aforesaid. It appears that her belated objections were raised when she decided to sell her property and that a sale could be effected if occupancy could be afforded to the prospective purchaser. To allow the defendant, in the circumstances, to proceed with the dispossess proceeding at law, would be a plain injustice and hardship to the complainant.
I am obliged to advise a decree estopping the defendant from deriving any benefit from the unfair position she has assumed. I feel that the complainant has sustained the allegations of the bill, and that the defendant has not presented a valid defense thereto. The relief prayed for shall be granted. *Page 550