James G. Barnett leased the store premises 536 Broad street, Newark, to Detroit Cadillac Motor Car Company, "its successors and assigns," in 1915, for a term expiring November 1st, 1925, with a right of renewal for five years, and the right was exercised. The lessee covenanted not to relet or sublet the premises or assign the lease without the written consent of the lessor, under penalty of forfeiture; and the right of re-entry was reserved upon the breach of the covenant. The Detroit Cadillac Motor Car Company was the distributor of the Cadillac car for the metropolitan district, which includes Newark. Mr. Uppercu owned all the stock of the company. In 1923 he formed what is now the Uppercu Cadillac Corporation to take over, and it did, the business and assets of the Detroit Cadillac Motor Car Company. He owns the stock of that company. The lease was not formally assigned nor was there a subletting, but the *Page 530 
Uppercu Cadillac Corporation has been carrying on the business on the demised premises ever since. Mr. Barnett, the lessor, died in 1923, testate, leaving his estate to his widow, including the demised premises. His will was successfully contested by his nephew, and while an appeal was pending from the decree denying probate, the widow and nephew made a settlement which resulted in a conveyance of the premises to the defendant, 536 Broad Street Corporation, a corporation formed by the nephew to take over the property. That was in 1927. In July of that year the 536 Broad Street Corporation brought suit against the Uppercu Cadillac Corporation in the supreme court in ejectment, to recover the demised premises, for breach of covenant not to assign the lease or relet or sublet the premises and thereupon the Uppercu Cadillac Corporation filed this bill to restrain the action at law, and an injunction pendente lite issued. Briefly, the bill denied the right of 536 Broad Street Corporation to recover possession, because the Uppercu Cadillac Corporation is the "successor" of the lessee, the Detroit Cadillac Motor Car Company, and therefore has title under the lease; that the covenant not to assign, relet or sublet was not in fact broken, and if it was broken that the breach was waived — the latter being based on the fact that for nearly four years before the ejectment suit was brought, the Uppercu Cadillac Corporation had been in notorious possession of the premises and has paid the rent. The rent was paid to the administrator pendente lite of the will appointed by the orphans court on the application of the nephew and acquiescence in by the widow.
The bill cannot be entertained. Equity is without jurisdiction. The litigation at law and here concerns title or interest in reality; only legal rights are involved and purely legal issues are raised and of these the law court has exclusive jurisdiction.Thropp v. Public Service Electric Co., 84 N.J. Eq. 144.
Whether the complainant is "successor" to the lessee, and as such has title under the lease, or whether there was a breach of the covenant not to assign the lease, and whether there was a waiver, are all questions triable in the ejectment suit. Waiver of the covenant not to assign *Page 531 
is a defense at law. North v. Jersey Knitting Mills,98 N.J. Law 157; Pom. Eq. Jur. (4th ed.) § 451. Estoppel is a legal defense. Central Railroad Co. v. MacCartney, 68 N.J. Law 165.
Under its concurrent jursidiction, equity may relieve against forfeitures, but when a law court has taken cognizance of the controversy, and its remedy is complete and adequate, and there is no distinct equitable ground for interference, the law court has exclusive jurisdiction. Pom. Eq. Jur. (4th ed.) § 179.
In Levy v. Blackmore, 67 Atl. Rep. 1022, cited by complainant, this court interfered to protect a tenant's right to peaceable possession of demised premises which was disturbed by the landlord cutting off the gas under a claim of forfeiture for breach of a covenant. The action was not as here, to supplant the jurisdiction of a court of law. In H. Windholz Son v. Burke,98 N.J. Eq. 471, this court exercised its concurrent jurisdiction, and a waiver of a breach of covenant in a lease was upheld and forfeiture prevented by restraining an action to dispossess the tenant. There the proceedings were summary and final and not reviewable. In the instant case, the defendant in the ejectment suit may have its rights adjudged according to the course of the common law.
The defendant raised the question of jurisdiction in its answer, but at the opening of the hearing abandoned it and consented to the hearing. Jurisdiction can be neither conferred nor imposed. The court, of its own motion, will raise the objection of jurisdiction. Pom. Eq. Jur. (4th ed.) § 130, lays it down that: "Where the facts show very clearly that the rights involved in the controversy and the remedies demanded are purely legal and completely within the scope of ordinary legal proceedings, the court of equity will itself take the objection at any stage of the case and will dismiss the suit although no objection has in any way been raised by the parties." Pom. Eq.Jur. (4th ed.) § 130.
In Barry v. Tunick, 97 N.J. Eq. 281, both counsel solicited this court to try the question of title and persuaded against its judgment, it consented and was reversed for want of jurisdiction.
The bill will be dismissed. *Page 532