JOHN J. FLEMING et ux.

*v.*

THE FLEMING HOTEL COMPANY OF NEW JERSEY.

[Decided June 23d, 1905.]

1. Where a lease to a corporation provided that if any rent should be due and unpaid the lease should become void, and the lessor might re-enter, the fact that after default in the rent a receiver was appointed for the lessee, and the lessor accepted rent from such receiver while he was in possession, does not of itself constitute a waiver of the right to re-enter for the rent remaining unpaid, but the lessor is not entitled to forfeit the lease until it appears that the receiver is unwilling or unable to pay the overdue rent.

2. A covenant not to sell or assign a lease is not broken by an assignment by a receiver appointed for the lessee after execution of the lease.

On petition, &c.

*Mr. Harry C. Valentine* and *Mr. Edwin R. Walker,* for the petitioner.

*Mr. John T. Van Cleef,* receiver, *pro se.*

*Mr. William R. Piper* and *Mr. Edwin C. Long,* for the creditors.

BERGEN, V. C.

The defendant corporation was, on the 6th day of April, 1905, decreed to be insolvent, and a receiver duly appointed according to the law applicable to such cases. At the time of the insolvency the corporation was conducting a hotel business in a building owned by Ogden D. Wilkinson, on State street, in Trenton, under a lease between Wilkinson and the defendant, which contained the following covenant:

"that if any rent shall be due and unpaid  *  *  *   then this lease shall cease and become void, and it shall be lawful for the party of the first part, without notice and without demand for said rent, to re-enter the said premises and remove all persons therefrom."

The lease also contained a covenant that the lessee would not assign the lease without the written consent of the owner. At the date of the appointment of the receiver the past-due rent amounted to $2,435.04, which yet remains unpaid. Since his appointment the receiver has continued the business and remained in the occupation of the property, for which use and occupation the owner has been paid at the rate reserved in the lease. The owner files his petition, setting forth, in substance, the foregoing, alleging a breach of the covenant for the payment of rent, and prays an order requiring the receiver to surrender the property to him. The receiver resists this application, and claims that because the owner has accepted rent from him for the period of his occupancy he has thereby waived his right to a re-entry. This objection, standing alone, would not support the contention of the receiver, for he was bound to pay for the use and occupation of the building during the time he held the property, even if he should determine to abandon the lease and surrender the property.

The answer filed by the receiver to the petition shows that the only business of the insolvent corporation was that of keeping a hotel on the leased premises, and that a sale thereof as a going business is necessary to secure the best results for the benefit of the creditors of the corporation; that an inventory of the property of the defendant shows that the same will be sufficient to meet the claim of the petitioner in full, and that as soon as a sale thereof can be made in the manner above indicated he will have on hand funds sufficient to satisfy the defendant's claim for rent in full and pay a substantial dividend to the general creditors of the company; that if ousted from the possession of the hotel property, he will be unable to sell the hotel business and its good will as a going concern, a result which will work great injury to the unsecured creditors.

The claim of the petitioner is based—*first,* upon the ground that the non-payment of the rent avoids the lease; *second,* that

because. of the insolvency of the company the receiver has no interest in this lease, and that any sale of the leasehold interests by him would be in violation of the covenant not to assign the lease without the written consent of the owner. With reference to the first point, it is well settled that the clause of re-entry is mainly inserted for the landlord's security, and will not be enforced when the lessee, upon proper demand, satisfies the rent due and compensates the landlord for any damages he may have sustained because of a breach of the covenant, and a court of equity would protect a defendant where the breach results from the neglect to pay money, the interest upon which can readily be calculated and the landlord thereby compensated for the inconvenience sustained because of the payment withheld.

I am of opinion that under the circumstances of this case the landlord should not be allowed to forfeit this lease, upon the ground first stated, until it shall appear that the receiver is unable or unwilling to pay the accrued rent, a condition not likely to exist in view of the amount of property in the receiver's hands applicable to this purpose.

As to the second point, I take it to be well settled that a covenant not to sell or assign the lease is not broken where the assignment is by operation of law, and that an assignment of this lease by the receiver, as the agent of the law, to a purchaser of the leasehold interest, would not work a forfeiture. That the covenant under consideration only applies to voluntary sales, and is not subject to forfeiture unless the proceedings at law under which the leasehold interest is disposed of were voluntary and collusive with a view to defraud the landlord of his rights, is well supported by the authorities. *Jackson* v. *Corliss,* 7 *Johns.* 531; *Jackson* v. *Silvernail,* 15 *Johns.* 278, 280; 1 *McAd. Land. & T.* (ed. 1900) § 235; *Allen* v. *Bennett,* 1 *Fed. Cas.* 214; *Riggs* v. *Pursell,* 66 *N. Y.* 193; *Farnum* v. *Hefner,* 79 *Cal.* 575; 12 *Am. St. Rep.* 174; *Bemis* v. *Wilder,* 100 *Mass.* 446, and also *Stockton* v. *Mechanics and Laborers Savings Bank,* 32 *N. J. Eq.* (5 *Stew.*) 163, 169, where the court said: "The liability of the receiver in insolvency in such case is precisely the same as that of an assignee in insolvency or bankruptcy, who may retain or surrender the lease according as it

may seem most advantageous for the estate of the debtor." The case is not unlike that of an executor whose assignment of a lease is not considered voluntary, but affected by operation of law, and is not a breach of a covenant not to assign, as where the assignment is in insolvency. *1 Tayl. Land. & T.* (*9th ed.*) §§ *408, 409.* It therefore follows that the petition must be dismissed, with costs.

It is the duty of the receiver to act with all reasonable promptness, and he should dispose of this property, including the leasehold interest, without unnecessary delay, and satisfy the petitioner for the rent due to him. In case of the receiver's refusal or neglect to act with promptness, I shall be inclined to listen with considerable favor to an application for such an order as will expedite the administration of this estate and the satisfaction of the debts due to creditors.