THE CLAREMONT-CRANFORD REALTY CORPORATION, APPELLANT, v. HARRY LINDEMANN, RESPONDENT.

Argued May 4, 1937—Decided July 13, 1937.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Bender & Brescher.*

For the respondent, *Abram A. Golden.*

LLOYD, J. The parties to this action entered into a written lease of property in Cranford for the period of one year from September 1st, 1932. The lease called for a monthly rental of $60, payable in advance. Having occupied the premises thereunder during the intervening period, the tenant on August 1st, 1936, gave a thirty days' notice that he would vacate the premises on September 1st, 1936, and moved out in accordance with the notice. The plaintiff sued for one month's rent claimed to be due September 1st, 1936, contending that the lease was a yearly letting and that one months' notice of intention to vacate was not sufficient.

The defense interposed was that after the lease expired the landlord brought a dispossess action in the District Court and filed an affidavit stating that the tenancy was one from month to month, and that having so declared, it was estopped from thereafter contending that the lease was one continuing from

year to year and required the notice exacted under a yearly letting. The action proceeded to judgment and the trial judge held that this proceeding, together with the continued occupancy of the property by the defendant, changed the relation from a yearly tenancy to that of a monthly tenancy, and gave judgment for the defendant.

The case was argued by counsel for the appellant alone; the respondent did not appear nor was any brief filed by him.

We think the legal effect of the action for possession is determined in the case of *Jacobson* v. *Gruenberg*, 100 *N. J. L.* 77; 125 *Atl. Rep.* 562. It was there held that the judgment for possession is not conclusive upon the parties in subsequent litigation. This case rested upon the earlier case of *McWilliams* v. *King and Phillips*, 32 *N. J. L.* 21, and the reasoning expressed in that opinion by the late Chief Justice Beasley.

It is a little difficult to determine from the opinion filed by the trial judge whether the judgment in the action for possession was regarded by him as *res adjudicata* of the present action or whether by reason of that judgment and the affidavits upon which it was based the tenancy was as a matter of fact found to be from month to month. We think, however, that the judge must have had in mind the former status of the case and decided it on legal grounds.

This being true, the judgment cannot be sustained. The affidavit of the plaintiff in the earlier action and the judgment obtained thereon were undoubtedly evidential, though not conclusive, that the tenancy was from month to month, and this being true it was open to the trial judge to determine the nature of the tenancy as a matter of fact. In holding it to be a legal bar there was error.

The judgment is reversed, in order that the nature of the tenancy may be determined as a question of fact.