Complainant's verified bill of complaint contains the following allegations. Complainant is in possession of a building owned by defendant under a lease executed by defendant to Paradis Machine Co., which lease complainant purchased July 13th, 1945, from a "trustee" of the assets of Paradis Machine Co. appointed in proceedings in this court. By the lease the annual rental of $8,400 is payable monthly in advance on the first day of each month and it is provided that in case the rent should remain unpaid for ten days after it becomes due and payable the landlord may elect to terminate the lease and enter into possession of the demised premises. *Page 431 
On or about August 2d 1945, for the first month's rent falling due after complainant purchased the lease, complainant mailed its check for $700 to defendant in an envelope whereon complainant's address appeared. The envelope was not returned to complainant by the postal authorities and no notice was given complainant by defendant until September 11th that August rent was unpaid. Meanwhile complainant had mailed to defendant its check dated September 5th, 1945, for $700 for September rent, which check defendant received not later than September 11th (which day was within the period of grace for payment of monthly rent) and on that day defendant notified complainant that the August rent had not been paid, returned the check for September rent and served complainant with a notice purporting to terminate the lease because of default in payment of August and September rent and demanding possession of the demised premises. September 12th complainant tendered its checks to defendant for August and September rent, which checks defendant refused to accept and September 20th complainant was served with summons in ejectment in a suit in our Supreme Court wherein defendant seeks possession of the demised premises.
On filing complainant's bill an order issued directing defendant to show cause why it should not be restrained pendentelite from proceeding with its ejectment suit and on the return of that order affidavits were filed on behalf of defendant which dispute material allegations of complainant's bill in but two respects (a) that an employee of defendant swears that some time after August 10th she talked with the secretary of Mr. Paradis, president of complainant, and asked that a check for August rent be sent defendant and received a reply that the check would be sent; and (b) that defendant's manager of the demised building swears that on September 12th he called on Paradis with complainant's check for September rent and asked him about August rent and Paradis informed him that the "trustee" for Paradis Machine Co. was supposed to pay defendant all rent up to and including the month of August, 1945. An affidavit by Paradis denies both (a) and (b). *Page 432 
The only question before me is whether on the showing by the affidavits filed on behalf of the parties, the defendant should be restrained from proceeding with its ejectment suit until the cause can be heard and determined on testimony produced in open court. This court has inherent jurisdiction in a proper case to relieve against a forfeiture and to restrain proceedings to dispossess a tenant for alleged breach of the terms of his lease, even though there may be a legal defense available in the suit at law. H. Windholz Son v. Burke, 98 N.J. Eq. 471; LincolnFurniture Co. v. Bornstein, 100 N.J. Eq. 78; affirmed, 101 N.J. Eq. 774.
The complainant alleges that it purchased all the assets of Paradis Machine Co., including the lease, at a "trustee's" sale for $65,000; that it is engaged in the business of manufacturing textile machinery; that it is well nigh impossible for it to secure another factory due to abnormal scarcity of available buildings and that if it is ejected from the demised premises, its business will be ruined and it will suffer substantial and irreparable loss. It tenders itself ready to pay defendant all rent in arrear. It seems to me that the effort of defendant to declare a forfeiture for non-payment of rent on the precise day fixed by the lease should at least be stayed until the hearing of the cause, it being here alleged by complainant that its attempt to pay the August rent on time was frustrated by no fault of its own and that it did offer the September rent within the grace period fixed by the lease and made further tender of rent for both months before defendant's ejectment suit was instituted.
Our Court of Errors and Appeals has cited without approval or disapproval authorities for the doctrine that where a forfeiture of estate and an entry for the forfeiture is stipulated in a lease, in case of non-payment of rent on the regular days of payment, the right of entry is deemed to be intended to be mere security for the payment of rent and that if the landlord is paid his rent he gets all that in justice he is entitled to (Sparks
v. Lorentowicz, 106 N.J. Eq. 178). That doctrine was approved in Grigg v. Landis, 21 N.J. Eq. 494-501; Fulton v. Greacen,36 N.J. Eq. 216; Fleming v. Fleming Hotel Co., 69 N.J. Eq. 715;Blake Co. v. Smidth, *Page 433 119 Atl. Rep. 306, and it finds expression in R.S. 2:58-11
which provides that if the tenant at any time before trial in ejectment, pays or tenders his landlord, or pays into court, all rent and arrearages together with costs, all further proceedings in the ejectment shall cease and be discontinued.
The defendant will be restrained from proceeding with its ejectment suit pending final hearing of the cause on terms to be imposed on complainant, after hearing counsel for the parties, concerning payment of all rent in arrear and rent to accrue.