167 N.J. Super. 543 (1979)
401 A.2d 293
AYUB AND HOSANNA AZAR, PLAINTIFFS,
v.
MASOUD AND RENATA JABRA, DEFENDANTS.
SIEBERT CLARK, PLAINTIFF,
v.
ALFONSO CARTER AND ELIZABETH REED CARTER, DEFENDANT.
Superior Court of New Jersey, District Court, Bergen County.
March 28, 1979.
*544 Messrs. Picinich & Rigolosi, attorneys for plaintiffs Ayub and Hosanna Azar (Mr. Michael J. Powers, of counsel).
*545 Messrs. Winne, Banta, Rizzi & Harrington, attorneys for plaintiff Siebert Clark (Mr. Jerrold R. McDowell, of counsel).
Bergen County Legal Services, attorneys for defendants Masoud and Renata Jabra (Mr. Frank O'Shea, of counsel).
Bergen County Legal Services, attorneys for defendants Alfonso Carter and Elizabeth Reed Carter (Mr. Frank O'Shea of counsel).
TAYLOR, J.D.C.
These are two motions heard together, both of which seek a direction to the Clerk of the Bergen County District Court to issue a warrant commanding the constable to remove defendant tenants from the subject premises and putting claimant landlord into full possession thereof.
In the Azar case the landlord sought possession in an eviction proceeding for failure of the tenant to pay a $50 increase. The trial judge found the increase reasonable and on February 20, 1979 gave judgment for possession, with the proviso that a warrant issue in three days. Within the three-day period the tenant paid the disputed rent increase and court costs to the Clerk of the Bergen County District Court. On the same day the landlord tendered his check to the clerk covering the costs of the issuance of a warrant. Said tender was not accepted by the clerk since the rent had been paid prior to the application for issuance of the warrant.
In the Clark case the landlord sought possession in an eviction proceeding for failure of the tenant to pay the February rent due and owing. On default of the tenant the trial judge, on February 21, 1979, gave judgment for possession, with the proviso that a warrant issue in three days. Due to the intervention of a holiday and weekend, the period ended on February 26, 1979. On that date the tenant paid the full rent and court costs to the clerk. On February 27, 1979 the landlord sought issuance of a warrant *546 and was refused by the clerk since the rent had been paid on the previous day.
It is the contention of the landlord in both cases that payment pursuant to N.J.S.A. 2A:18-55 can be made only up to the close of court business on the day that judgment for possession is granted. It is the contention of the tenants that payment may be made at least up to the issuance of the warrant at the end of the three-day period provided in N.J.S.A. 2A:18-57.
To decide these issues, it is necessary to review both the legislative histories of N.J.S.A. 2A:18-57 and N.J.S.A. 2A:18-55 and the policy of the courts in eviction cases.

Legislative Intent
The historical note to N.J.S.A. 2A:18-57 refers to its source as initially L. 1898, c. 228, § 111. This statute is part of a series of sections, 107-117, covering landlord and tenant cases, and they are strikingly similar to the present day sections, which include N.J.S.A. 2A:18-57 and N.J.S.A. 2A:18-55. Section 111 states in part:
If at the time appointed in the said summons, or at the time to which said suit may be adjourned, no sufficient cause be shown to the contrary, and it shall appear to the said judge that the summons has been duly served and that the rent claimed and costs accrued have not been paid, the said court shall forthwith issue its warrant to any constable of the county, in which the premises are situate, or sergeant-at-arms of the court, commanding him to remove all persons from said premises, and to put the said claimant into full possession thereof, and to levy and to make the costs out of the goods and chattels of such person or persons in possession; * * *.
Section 108 of the same set of laws, after setting forth procedural steps from summons to trial date, states:
* * * provided, that if proceedings shall be instituted under the provision[s] of subdivision II of section one hundred and seven [107] of this Act, [non-payment of rent] then, if the tenant or person in *547 possession of the demised premises shall at any time on or before the return day of the said summons pay to the clerk of the court out of which said summons has issued, the rent claimed to be in default by the oath filed with said clerk, together with the accrued costs of the proceedings, all proceedings shall be stopped and the receipt of said check shall be evidence of such payment, and said clerk shall forthwith pay all monies so received to the landlord or to the person making oath for him.
It can be seen, therefore, that the genesis of N.J.S.A. 2A:18-57 is in § 111, and that of N.J.S.A. 2A:18-55 in § 108. There was no mention in either of the old sections of a judgment for possession preceding the issuance of the court's warrant. The statute directed that the warrant issue on the return date of the summons and that warrant was to direct the constable to put the claimant in possession. Therefore, the judgment envisioned by the Laws of 1898 was the actual issuance of the warrant to the constable.
Conversely, payment made by the tenant under § 108, before the return date of the summons and consequently before the issuance of the warrant, would stop the proceedings. The intent of the Legislature was that payment before the issuance of the warrant would stay the proceedings.
The laws dealing with eviction proceedings were amended in 1903. The L. 1903, c. 13, § 5, introduced the concept of judgment for possession and a three-day wait from judgment to issuance of the warrant for possession. The applicable statute read:
If at the time appointed in the said summons, or at the time to which said suit may be adjourned, no sufficient cause be shown to the contrary, and it shall appear to the said judge or justice of the peace that the summons has been duly served and (in cases arising under subdivision II of section one of this act) that the rent claimed and costs accrued have not been paid, the said court or justice of the peace shall forthwith enter a judgment for possession and shall issue a warrant to any constable of the county, in which the premises are situate, or sergeant-at-arms of the court, commanding him to remove all persons from the said premises, and to put the said claimant into full possession thereof, and to levy and make the costs out of the goods and chattels of such person or persons in possession; *548 provided, it shall be necessary for said claimant, if required by the defendant, to prove to the satisfaction of the judge or the justice of the peace, or of the jury if there be a trial by jury, the facts which, according to the first section of this act authorize such proceedings against the tenant; and whenever in any suit for dispossession of a tenant, on the return day of a summons, or any adjourned day, there is no appearance by or on behalf of any tenant named therein, or if any defendant shall appear, but make no defence, the court or the justice of the peace may, if it appear that the summons has been duly issued and served, hear and determine the cause upon the affidavit filed, without the production of any witnesses or other proofs; provided, that no such warrant of removal shall issue until after the expiration of three days after the entry of judgment for possession.
There is no explanation as to why these new elements were added, or the reason for separating judgment for possession from the actual issuance of the warrant.
In 1935 the Chancery Court, in construing the above act, had before it a dispossess action in which the disputed rent had been paid prior to the adjourned date of the summons. The bill was filed after the entry of judgment but before the issuance of a warrant. The court, in deciding that the payment of rent prior to the adjourned date should relieve the tenant, said:
Where the attempted forfeiture is based upon the non-payment of rent, relief is uniformly given upon payment of the amount due with appropriate interest and costs. Where the forfeiture is provided for merely as security for the payment of money `equity regards such payment as the real and principal intent of the instrument' and will relieve upon payment. 1 Pom. (4th ed.) Secs. 381, 433....
It is not now disputed that if the lessee had made its deposit in the district court prior to the return day of the summons in the dispossess proceedings, the lessor would have been obliged to accept it and the lessee would have been protected in its possession; and that before entry of the judgment of this court could have properly restrained the proceedings. [Red Oaks v. Dorez, Inc., 118 N.J. Eq. 198 (1935), rev'd on other grounds 120 N.J. Eq. 282 (E. & A. 1936)]
Vice Chancellor Berry continued:

*549 * * * if relief could be afforded to the tenant in those cases, where actual possession had been obtained by the landlord by force, I can see no reason why the same relief cannot be granted before possession is delivered to the landlord by the constable under a warrant for possession. The judgment of possession is not conclusive upon the parties. * * * [at 205]
It is apparent that this early court found a judgment of possession as not conclusive and therefore not final, and that payment before the delivery of actual possession should stop proceedings.
In 1937, R.S. 2:58-23, the forerunner of § 57, reads as follows:
Judgment for possession; warrant of removal; issuance.
If no sufficient cause is shown to the contrary when the cause comes on for trial and it shall appear to the judge or justice of the peace that the summons has been duly served and, in cases arising under paragraph `b' of section 2:58-17 of this title, that the rent claimed and costs accrued have not been paid, the court or justice shall forthwith enter a judgment for possession and issue a warrant to a constable of the county, wherein the premises are situated, or sergeant at arms of the court, commanding him to remove all persons from the premises, put the claimant into full possession thereof, and to levy and make the costs out of the goods and chattels of such person in possession. The claimant shall, if required by the defendant, prove to the satisfaction of the judge or justice of the peace, or of the jury if there be a trial by jury, the facts which according to section 2:58-17 of this title authorize the proceedings against the tenant.
When there is no appearance by or on behalf of the tenant named in the summons or if a defendant shall appear, but make no defense, the court or the justice may, if the summons has been duly issued and served, hear and determine the cause upon the affidavit filed without the production of witnesses or other proofs.
No warrant of removal shall issue until after the expiration of three days after entry of judgment for possession.
R.S. 2:58-21, the forerunner of § 55, also provided:
Discontinuance upon payment into court of rent in arrears.
If, in proceedings instituted under paragraph `b' of section 2:58-17 of this title, [non-payment of rent] the tenant or person in possession of the demised premises shall, before the time of appearance *550 specified in the summons, pay to the clerk of the court out of which it issued, or to the justice of the peace by whom it was issued, the rent claimed to be in default by the oath filed with such clerk or justice, together with the accrued cost of the proceedings, all proceedings shall be stopped and the receipt of the clerk or justice shall be evidence of such payment. All moneys so received shall forthwith be paid to the landlord or to the person making oath for him.
It can be seen, therefore, that there was provision for the entry of a judgment for possession and the issuance of a warrant separated by three days, and further, a provision that payment had to be made "before the time of appearance specified in the summons."
The intent in 1937 was that payment had to be made "before the time of appearance," contrary to Red Oaks. The Laws of 1937 were then amended and the statute in its present form enacted.
N.J.S.A. 2A:18-57 provides as follows:
If no sufficient cause is shown to the contrary when the action comes on for trial, the court shall issue its warrant to any officer of the court, commanding him to remove all persons from the premises, and to put the claimant into full possession thereof, and to levy and make the costs out of the goods and chattels of the person in possession.
No warrant of removal shall issue until the expiration of three days after entry of judgment for possession.
Essentially, this statute does not mention a judgment for possession in the opening paragraph, differing from R.S. 2:58-23, and goes back to the 1898 concept of directing the court to "issue its warrant" on the return date. It then inexplicably provides for the warrant issuing three days after judgment for possession for which judgment there has been no provision.
N.J.S.A. 2A:18-55, however, is entirely different in concept. It states as follows:
If, in actions instituted under paragraph "b" of section 2A:18-53 of this title, [non-payment of rent] the tenant or person in possession *551 of the demised premises shall at any time on or before entry of final judgment, pay to the clerk of the court the rent claimed to be in default, together with the accrued costs of the proceedings, all proceedings shall be stopped. The receipt of the clerk shall be evidence of such payment.
The clerk shall forthwith pay all moneys so received to the landlord, his agents or assigns.
It can be seen, therefore, that instead of the concept in R.S. 2:58-21 that the rent must be paid "before the time of appearance specified in the summons," the new concept is that it shall be paid "before entry of final judgment."
There is no provision in N.J.S.A. 2A:18-55 that the rent and costs must be paid before "judgment for possession" is granted. Judgment for possession had already been construed in Red Oaks as "not conclusive upon the parties," and that court had said it could see no reason why relief could not be granted to the tenant before possession was delivered to the landlord.
In practical terms, the judgment for possession mentioned by the Legislature under § 57 avails the landlord nothing in the way of finality. If no further steps are taken by the court beyond the judgment for possession, the tenant would actually remain in possession. It is only with the issuance of the warrant directing the constable to perform his ministerial act of removing the tenant that there is any finality to the court's action.
If the Legislature intended payment to be made before judgment for possession, it could have easily said that. Instead it introduced the concept of "final judgment." This term could not apply to the judgment for possession since there was no finality to that judgment. There appears to be a contradiction in terms between § 55 and § 57, but the intent is clear. They could only have been speaking of the issuance of the warrant, the only action of any finality.
If the Legislature wished to make the final day for payment the day on which judgment for possession was entered, it would have used this very language since that *552 same language is used in § 57. Its use of the term "final judgment" shows a different intent.
Since its direction to the court in § 57 is to issue its warrant on the return date of the summons, its intent is obviously that the "judgment for possession" provided in that same section is but an interim step to the eventual judgment consisting of issuance of the warrant.
The court recognizes, however, that there is a conflict in terms in the two sections of the statute and in such instances it is its job to reconcile the conflict.
Statutes in pari materia, that is, those which relate to the same matter or subject, are to be construed together as a unitary and harmonious whole, in order that each may be fully effective. New Jersey Turnpike Auth. v. Washington Tp., 16 N.J. 38 (1954). The reconciliation of apparently conflicting statutes to conform to the spirit of the legislation as a whole is a common exercise of the judicial interpretive function. Turon v. J. & L. Const. Co., 8 N.J. 543 (1952). As one part of a statute is properly called in to help the construction of another part 
* * * and is fitly so expounded, as to support and give effect, if possible to the whole; so is the comparison of one law with other laws made by the same legislature, or upon the same point, enjoined for the same reason and attended with a like advantage. [Clifton v. Passaic Cty. Bd. of Tax., 28 N.J. 411 (1958), citing from Dwarris on Statutes (Potter) 189, 190]
The judgment in a summary dispossession action is not conclusive or binding as between the parties in subsequent litigation. Consequently, a judgment in such an action in favor of the tenant creates no estoppel by judgment against the landlord, nor is the judgment res judicata. 23 N.J. Practice (Le Wine Landlord & Tenant Law (3 ed.)), § 3482; Wallworth v. Johnson, 25 N.J. Misc. 449 (Sup. Ct. 1947); Galka v. Tide Water Associated Oil Co., 133 N.J. Eq. 137 (Ch. 1943); Claremont Cranford Realty Corp. v. Lindenmann, 15 N.J. Misc. 567 (Sup. Ct. 1937). It has further *553 been held that any matters determined in lessor's dispossess proceedings are not res judicata. Burns v. West America Corp., 137 N.J. Super. 442 (Cty. D. Ct. 1975).
It is this court's opinion that it was the intention of the Legislature in N.J.S.A. 2A:18-55 and N.J.S.A. 2A:18-57, when read together with the history, including the Laws of 1898, 1903 and 1937 and case law, to provide that payment at any time before the issuance of the warrant, which was in truth the final judgment in the eyes of the Legislature, should stop the proceedings.

Court policy
It is, of course, the general policy of the law to prevent forfeitures, especially in default of a payment of money. The right of a tenant to be relieved in equity against forfeiture for nonpayment of rent has been a basic tenet since early English law.
The courts have spoken to this issue many times. Sparks v. Lorentowicz, 106 N.J. Eq. 168 (E. & A. 1930); D. Paradis Co. v. North Hudson Holding Co., 137 N.J. Eq. 430 (Ch. 1946); Galka v. Tide Water Associated Oil Co., 133 N.J. Eq. 137 (Ch. 1943); Fleming v. Fleming Hotel Co., 69 N.J. Eq. 715 (Ch. 1905); Thropp v. Field, 26 N.J. Eq. 82 (Ch. 1875).
A clue to court policy concerning the failure to pay rent or other money resulting in a forfeiture can be found in a case decided by our Supreme Court in 1969. The court was faced with a situation in which the defendant tenant had been evicted for failure to pay a sewerage charge pursuant to a lease. In deciding a question of jurisdiction the court said:
As we have said, the former court of chancery had jurisdiction to intervene before final judgment in the dispossess action. It has long been settled that in a proper case equity will relieve a tenant from a forfeiture of his lease by reason of non-payment of [rent] upon the theme that the forfeiture provision was designed to insure performance and hence, performance having been had, such relief should be granted. [Vineland v. DeMarco, 35 N.J. 459 (1969)]
*554 After discussing further the role of the county district court in accepting equitable defenses offered to defeat an action within its jurisdiction and recommending that the court avoid procedural waste, at a level of litigation where litigants can least afford to bear it, the court went on to say:
As we have said, N.J.S.A. 2A:18-55 provides the proceeding shall stop if the tenant pays the rent and accrued costs on or before final judgment. The statute thus adopts an approach somewhat akin to the equitable doctrine relieving from forfeiture for non-payment of a monetary obligation. Expressed another way, the summary proceeding is designed to secure performance of [a] rental obligation and hence it having been performed, the summary remedy may not be further pursued. [at 469]
Again, in a search for guidance as to court policy, Saveriano v. Saracco, 97 N.J. Super. 43 (App. Div. 1967), is useful. In that case the rental obligation was paid immediately after judgment for possession was granted. In discussing policy the court said:
The policy reflected in cases dealing with summary proceedings of the type here involved is that where there is an alleged failure to pay rent, forfeiture is to be avoided where the rent and costs have actually been paid. This general view applies at least where payment is made before final judgment. [at 46]
Nowhere in this case does the court state that to avoid eviction there must be payment before or at the time judgment of possession is granted, or that payment before the issuance of the warrant for removal would do violence to the statute or stretch the doctrine of avoidance of forfeiture.
In 1970 Judge Meanor, then sitting in the Superior Court of New Jersey, had before him a motion to remove six actions for summary dispossess then pending in the county district court pursuant to applicable statute. Removal was sought on the theory that a defense of lack of habitability to an action for nonpayment of rent would not be cognizable in the county district court, and could only be raised in the Superior Court.
*555 In deciding the case Judge Meanor came to the conclusion, based upon Vineland Shopping Center, supra, that a defense of lack of habitability was cognizable in the county district court and therefore decided the motion adversely, leaving the cases in the county district court.
As a corollary to his decision, Judge Meanor commented that the defendants could contest the amount of rent on the return date of the action to dispossess, and when the true amount was determined, pay it without suffering any penalty. In coming to this conclusion he interpreted N.J.S.A. 2A:18-55 as follows:
The tenant as a practical matter has three days in which to pay the amount he is in default in order to remain in possession. Academy Spires v. Jones, 108 N.J. Super. 395 (Law Div. 1970).
Obviously, Judge Meanor was envisaging that there would be a controversy over the amount of rent on the day of the action for dispossess, and that if this was decided adversely to the tenant and a judgment for possession was entered pursuant to the statute, the tenant would then have three days in which to pay the decided amount.
It is the opinion of this court that the language contained in Judge Meanor's opinion was necessary to the finding in that it was part of the overall decision that he made; namely, that he would deny the motion to remove the case to the Superior Court since he felt that the defenses could be raised in the county district court, and that even after adjudication and a decision as to the proper amount of rent owed in that court, there would still be an opportunity for the tenant to pay that rent and avoid forfeiture.
It is the court's opinion that this was in accord with the intent of the Legislature in promulgating N.J.S.A. 2A:18-55 and N.J.S.A. 2A:18-57, and in accordance with court policy of the avoidance of forfeiture.
The court is mindful of the decision of the county district court in Workman's Auto Music v. New Colony *556 Diner, 136 N.J. Super. 131 (1975). It is this court's opinion that the decision in that case did not interpret the legislative history of N.J.S.A. 2A:18-55 and 57, as this court does, and did not interpret court policy against forfeiture as strongly as this court. As such, this court does not follow that holding.
It is the opinion of this court that legislative and court policy aim at balancing of the equities which provide the landlord with a summary proceeding to force payment of rent and allows the tenant at least the statutory three days until the issuance of the warrant to pay the rent due and the court costs to avoid forfeiture.
It is, therefore, the decision of this court, since in both of these instances the rent and costs were paid prior to the expiration of the three days following judgment of possession and before the issuance of the warrant, that the motions be in all respects denied.