**In re GREAT FEELING SPAS, INC., Debtor.**

**No. 01–63218(RTL).**

United States Bankruptcy Court, D. New Jersey.

April 11, 2002.

Bunce D. Atkinson, Atkinson & DeBartolo, P.C., Red Bank, NJ, for Debtor.

Bryan D. Press, Bloomfield, NJ, for Exclusive Plaza, LLC.

### OPINION

RAYMOND T. LYONS, Bankruptcy Judge.

The chapter 11 debtor filed a motion to extend the time in which it may assume or reject a nonresidential lease pursuant to 11 U.S.C. § 365(d)(4). Exclusive Plaza, LLC, the debtor's landlord, objects to the motion on the grounds that the lease was terminated pre-petition by entry of a judgment for possession and therefore cannot be assumed in bankruptcy under 11 U.S.C. § 365(c)(3). The debtor argues that since it filed for relief under chapter 11 prior to the issuance of a warrant of removal, the

lease is assumable and an extension of time is appropriate. The issues before the court, then, are: (1) whether the debtor's lease was terminated by the entry of a judgment for possession under New Jersey law, and, if not; (2) whether there exists sufficient cause to extend the debtor's time to assume or reject the lease.

This court has jurisdiction over this matter under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and (b)(1), and the Standing Order of Reference from the United States District Court for the District of New Jersey, dated July 23, 1984, referring all cases under Title 11 of the United States Code to the bankruptcy court. Additionally, this is a core proceeding that can be heard and determined by a bankruptcy judge under 28 U.S.C. § 157(b)(2)(M) (use or lease of property).

For the reasons set forth below, the court holds that it is the entry of a judgment for possession, and not the issuance of a warrant for removal, that terminates a lease under New Jersey law. Pursuant to Section 365(c)(3) of the Bankruptcy Code, the debtor may not assume a nonresidential lease that has terminated pre-petition. Since the debtor's nonresidential lease was terminated pre-petition by the entry of a judgment for possession and can no longer be assumed, the court must deny the debtor's motion for an extension of time as moot.

### FACTS

Exclusive Plaza, LLC ("Landlord") is the owner of nonresidential real property located at 316 U.S. Route 9, Englishtown, New Jersey. In or about April 1995, Landlord entered into a lease with the debtor for a four-year term with an option to renew ("the Lease"). The debtor elected to renew the Lease for an additional term to expire July 1, 2005.

In the Summer of 2001, the debtor began withholding rental payments from Landlord.[1] In response, Landlord initiated an action in the Superior Court of New Jersey, Special Civil Part, seeking an order for possession. Judge Feldman of the Superior Court heard this matter on November 9, 2001. On November 16, 2001, Judge Feldman entered an order which, although not styled a "Consent Order," appears to this court to be the result of a negotiated settlement between the parties. In pertinent part, the order provides as follows:

1. That a Judgment for Possession be immediately entered and that the Landlord–Plaintiff be granted possession of the property affected . . .

2. That Tenant–Defendant shall pay rent . . . for November, 2001 in the aggregate amount of $13,114.01 such that it is received not later than November 21, 2001 . . .

3. That Tenant–Defendant shall pay rent . . . for December, 2001 in the aggregate amount of $13,114.01 such that it is received not later than December 10, 2001 . . .

4. That . . . Tenant–Defendant shall pay the balance of the arrearages in rent . . . in the aggregate amount of $48,991.88 such that it is received not later than December 31, 2001 . . .

7. If the Tenant–Defendant makes each of the payments required by this Order in the manner and by the time required, Landlord–Plaintiff shall not request a Warrant of Removal.

8. If the Tenant–Defendant does not make any or all of the payments re-

---

1. The debtor contends that it was entitled to withhold rent because Landlord failed to make necessary repairs to the roof of the premises, which resulted in substantial water damage to debtor's inventory.

quired by this Order in the manner and by the time required, Landlord–Plaintiff ... may file a certification stating when and what the breach was and that a Warrant for Removal may than be issued by the Clerk.

**9. If the Tenant–Defendant makes all of the payments required by this Order in the manner and by the time required, than [sic] the Judgment of Possession shall be vacated ....** (emphasis added)

On November 21, 2001, approximately five days after the judgment for possession was entered, the debtor filed a petition for relief under chapter 11 of the Bankruptcy Code. The debtor apparently paid both the November and December rent[2] and has continued to pay rent during the chapter 11 case. The debtor did not, however, tender $48,991.88 by December 31, 2001, as required under the order to vacate the judgment for possession. On January 28, 2002, the debtor filed the instant motion under 11 U.S.C. § 365(d)(4) to extend the time in which it may assume or reject the Lease.

### DISCUSSION

■ Under Section 365(d)(4) of the Bankruptcy Code, a trustee or debtor-in-possession may extend the time to assume or reject a lease of nonresidential real property upon a showing of good cause.

**2.** It is unclear whether such payments were made by the deadlines established in the order.

**3.** "Property interests are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Since the leased property is located in New Jersey, New Jersey law applies in the this case.

**4.** N.J.STAT.ANN. § 2A:18–55 provides:
If, in actions instituted [for failure to pay rent], the tenant or person in possession of

See 11 U.S.C. § 365(d)(4). Pursuant to 11 U.S.C. § 365(c)(3), a nonresidential lease may not be assumed, however, if such lease "has been terminated under applicable nonbankruptcy law prior to the order for relief." 11 U.S.C. § 365(c)(3). Thus, before considering whether sufficient "cause" exists to extend the time to assume or reject the debtor's lease, the court must first determine whether the lease in question terminated pre-petition under applicable state law and is therefore no longer assumable under the Code.[3]

I. WHETHER THE LEASE TERMINATED PRE-PETITION

■ Under New Jersey Law, a tenant may be removed from leased premises "where such person shall hold over after a default in the payment of rent, pursuant to the agreement under which the premises are held." N.J.STAT.ANN. § 2A:18–53. If at any time prior to the entry of a "final judgment," the tenant cures the default by tendering the rent due to the clerk of the court, all proceedings must stop. See N.J.STAT.ANN. § 2A:18–55.[4] N.J.STAT.ANN. § 2A:18–57 further provides that if no sufficient cause is shown to the contrary when the action comes on for trial, the judge shall issue a warrant of removal. No warrant of removal shall issue, however, until the expiration of three days after entry of judgment for possession.[5] See *id.*

the demised premises shall at any time on or before the entry of final judgment, pay to the clerk of the court the rent claimed to be in default, together with the accrued costs of the proceedings, all proceedings shall be stopped....

**5.** Relief from a judgment for possession may also be available on equitable grounds. See *Housing Authority of Town of Morristown*, 135 N.J. 274, 290–91, 639 A.2d 286 (1994); *Stanger v. Ridgeway*, 171 N.J.Super. 466, 473–74, 410 A.2d 59 (App.Div.1979); see also *In re DiCamillo*, 206 B.R. 64, 67 fn. 5 (Bankr.

Landlord argues that the Lease terminated pre-petition by entry of the November 16, 2001 judgment for possession and therefore cannot be assumed under 11 U.S.C. § 365(c)(3). Landlord relies solely upon *In re DiCamillo*, 206 B.R. 64 (Bankr. D.N.J.1997), which held that a residential lease may be "unexpired" under Section 365(a) despite the pre-petition entry of a judgment for possession in state court. In *DiCamillo*, Judge Wizmur comprehensively analyzed the expiration and termination of leases under New Jersey law, and, *in dicta*, determined that it is the entry of a judgment for possession that ultimately *terminates* a tenancy. 206 B.R. at 67. The debtor, on the other hand, argues that a lease is not terminated under New Jersey law until the execution of the warrant of removal, citing in support the Bergen County District Court decision *Azar v. Jabra*, 167 N.J.Super. 543, 401 A.2d 293 (Dist.Ct.1979). Since no warrant of removal has yet been issued, the debtor contends that the Lease remains assumable under Section 365.

*A. New Jersey Case Law*

The New Jersey Supreme Court's opinion in *Vineland Shopping Center, Inc. v. De Marco*, 35 N.J. 459, 173 A.2d 270 (1961) must serve as the starting point for any discussion of the termination of leases under New Jersey law. In *Vineland*, a tenant under a commercial lease failed to pay a sewer charge. Without prior notice of default, the landlord served upon the tenant a notice terminating the tenancy for failure to comply with the provisions of the lease. On the same day that the tenant received the notice of termination, the tenant tendered full payment to the sewer authority. Ten days later, the landlord nevertheless commenced an action for possession, claiming that the tenant breached a condition of the lease agreement. The County District Court agreed with the landlord and entered judgment for possession. The Appellate Division affirmed. See 65 N.J.Super. 223, 167 A.2d 414 (1961). The New Jersey Supreme Court ultimately held that the tenant's obligation to pay money to the sewer authority was akin to the obligation to pay rent. Thus, since payment had been tendered prior to the entry of judgment for possession, the court determined that the action for possession could not proceed pursuant to N.J.STAT. ANN. § 2A:18–55. See 35 N.J. at 470–71, 173 A.2d 270.

In reaching this conclusion, the *Vineland* Court thoroughly reviewed the history of N.J.STAT.ANN §§ 2A:18–53–57 and the evolution of landlord-tenant law in New Jersey. As the court notes, prior to the adoption of N.J.STAT.ANN. § 2A:18–55, which allows a tenant to halt the termination of lease by tendering payment of rent prior to the entry of a "final judgment," the courts were split into the Courts of Law and the Courts of Chancery. At that time, if a landlord commenced an action for possession where the tenant had breached its lease, the tenant could not offer as a defense its ability to cure the default. See 35 N.J. at 462, 173 A.2d 270. The former Court of Chancery, however, had jurisdiction to intervene and to grant relief on equitable grounds provided that such relief was sought prior to the entry of the final judgement for possession. See 35 N.J. at 465, 173 A.2d 270. By enacting N.J.STAT.ANN. § 2A:18–55, the legislature undertook to codify this equitable practice. See N.J. at 469 ("The statute adopts an approach somewhat akin to the

D.N.J.1997). Since the narrow issue presented in this case is whether the Lease was terminated by entry of the November 16, 2001 judgement for possession, this court need not decide whether equity compels the rehabilitation of the debtor's tenancy.

equitable doctrine relieving from forfeiture for non-payment of a monetary obligation. Expressed another way, the summary proceeding is designed to secure performance of the rental obligation, and hence, it having been performed, the summary remedy may not be further pursued.")

After the *Vineland* decision was rendered, several New Jersey courts have addressed, with inconsistent results, the question of whether it is the entry of a judgment for possession or the issuance of a warrant of removal that ultimately terminates a tenancy under N.J.STAT.ANN. § 2A:18–55. In *Azar v. Jabra,* 167 N.J.Super. 543, 401 A.2d 293 (Dist.Ct. 1979), a County District Court decision relied upon by the debtor, the landlord sought possession in an eviction proceeding for failure of the tenant to pay a $50 increase in rent. After the trial judge entered judgment for possession in favor of the landlord, but before a warrant of removal was issued, the tenant tendered full payment to the clerk of the court. On the same day that the tenant made payment, the landlord presented a check to the clerk covering the costs of issuing the warrant of removal. The landlord's check, however, was returned and the warrant was never issued. The landlord brought a motion compelling execution of a warrant of removal on the grounds that payment pursuant to N.J.STAT.ANN. § 2A:18–55 can only be made up until the close of business on the day that the judgment for possession is granted. See 167 N.J.Super. at 545–46, 401 A.2d 293.

After reviewing the relevant statutes, the Bergen County District Court determined that the entry of a judgment for possession is neither conclusive nor binding as between the parties and thus cannot be the "final judgment" referred to in N.J.STAT.ANN. § 2A:18–55. Instead, the court concluded that "it was the intention of the Legislature to provide that payment any time before the issuance of the warrant, which was in truth the final judgment ... should stop the proceedings." 167 N.J.Super. at 553, 401 A.2d 293. Therefore, since the tenant cured his rental default before the warrant of removal was issued, the court held that, pursuant to N.J.STAT.ANN. § 2A:18–55, the landlord could not proceed with his action for possession. See 167 N.J.Super. at 555, 401 A.2d 293.

Later that same year (1979), the Appellate Division was faced with a virtually identical factual situation in *Stanger v. Ridgeway,* 171 N.J.Super. 466, 410 A.2d 59 (App.Div.1979) and came to a contrary result. In *Stanger,* the landlord instituted a summary dispossess action against his tenant for failure to pay rent and the trial judge directed entry of judgment for possession. During the course of the trial, the tenant asked the judge whether the case would be dismissed if he tendered full payment prior to the execution of a warrant of removal. Without any objection by the landlord, the trial judge answered in the affirmative. Two days later, the court clerk issued a warrant of removal; however, since the warrant was issued prior to the expiration of the three-day time period prescribed in N.J.STAT.ANN. § 2A:18–57, it was void. The tenant then paid, and the landlord's attorney accepted, $1,500 covering back rent and costs. The next day, a warrant of removal was issued and the tenant immediately filed an application for a permanent injunction against execution of the warrant. See 171 N.J.Super. at 469, 410 A.2d 59. The trial judge held that the tenant's payment of rent prior to the issuance of a warrant of removal voided the judgment of possession and he consequently dismissed the case. See 171 N.J.Super. at 470, 410 A.2d 59. The landlord then filed an appeal.

The Appellate Division affirmed the County District Court's decision to dismiss the case on the ground that the landlord's failure to object to the trial judge's assertion that payment prior to execution of the warrant of removal would halt the proceeding estopped him from urging the contrary position on appeal. See 171 N.J.Super. at 474–75, 410 A.2d 59. However, the court made clear that "to terminate proceedings under N.J.STAT.ANN. § 2A:18–55, the rent must be deposited on or before the day that *judgment* is entered." 171 N.J.Super. at 473, 410 A.2d 59 (emphasis added). In so holding, the Appellate Division directly confronted the Bergen County District Court's decision in *Azar v. Jabra:*

> We disagree with the court's rationale in *Azar v. Jabra, supra,* that the final judgment referred to in N.J.S.A. 2A:18–55 was intended by the Legislature to be the warrant of removal. Rather, the warrant of removal is merely the means by which the landlord can enforce the underlying judgment. It is akin to a wage execution or any other process to enforce a money judgment. *See R.* 4:59–1; *R.* 6:7–1,3. By prohibiting issuance of the warrant until three days after judgment, the Legislature simply intended to give the tenant an opportunity to remove his belongings and find other quarters. That is, under the statute the tenant has a "grace period" of at least three days.

*Id.* The court ultimately determined that a tenant may nullify the judgment under N.J.STAT.ANN. § 2A:18–55 "only if he pays the amount due and owing on the day judgment is entered." *Id.*

*Stanger* has been cited with approval for this conclusion by both Judge Wizmur in *In re DiCamillo,* 206 B.R. at 67, and by the New Jersey Supreme Court in *Housing Authority of the Town of Morristown v. Little,* 135 N.J. 274, 287, 639 A.2d 286 (1994). In addition, the Appellate Division recently (1996) reaffirmed its construction of N.J.STAT.ANN. § 2A:19–55 in *Musselman v. Carroll,* 289 N.J.Super. 549, 674 A.2d 612 (App.Div.1996), stating:

> [I]t is a judgment of possession … which will terminate a tenancy. An action for possession will be dismissed if the tenant pays the amount of rent owed before a judgment is entered. *Stanger v. Ridgeway,* 171 N.J.Super. 466, 473, 410 A.2d 59 (App.Div.1979); see also *Vineland Shopping Ctr., Inc., v. De Marco,* 35 N.J. 459, 173 A.2d 270 (1961). Thus, the effect of a tenant's payment of rent before a judgment is entered … is to dismiss the complaint and continue the tenancy at issue.

289 N.J.Super. at 555–556, 674 A.2d 612. Based upon the foregoing, it is clear to this court that, under prevailing New Jersey law, a lease is terminated upon entry of a judgment for possession.

In the instant case, the Superior Court of New Jersey entered a judgment for possession in favor of Landlord on November 16, 2001.[6] Thus, under New Jersey law, the debtor's tenancy terminated on that date. As stated above, a nonresidential lease may not be assumed if such lease "has been terminated under applicable nonbankruptcy law prior to the order for relief." 11 U.S.C. § 365(c)(3). Since the debtor's nonresidential lease terminated

---

**6.** While the November 16, 2001 order allowed the debtor to vacate the judgment for possession by satisfying certain conditions, the debtor did not take advantage of this opportunity to revive the Lease. The debtor does not dispute that the order, as entered, constituted a judgment for possession in favor of Landlord. Rather, the debtor argues only that, under New Jersey law, it is the issuance of a warrant of removal, and not the entry of a judgment of possession, that ultimately terminates a lease.

before the debtor filed its petition, the lease cannot be assumed under Section 365 of the Code.

## II. WHETHER THERE EXISTS CAUSE TO EXTEND THE TIME TO ASSUME OR REJECT THE LEASE

Having determined that the Lease cannot be assumed, the court need not reach the issue of whether there exists good cause to extend the time in which to assume or reject the Lease under Section 365(d)(4).

### CONCLUSION

For the reasons set forth above, the court concludes that the debtor's lease terminated prepetition under New Jersey law upon the entry of the judgment for possession in favor of the Landlord and thus cannot be assumed under 11 U.S.C. § 365(c)(3). The court therefore denies the debtor's motion to extend the time in which it may assume or reject the Lease.